Lee & Wife, *vs.* Price, *et al.*

( Decided July 20th, 1858.)

---

# THOS. J. LEE & WIFE, *vs.* JOHN O. PRICE and the CHESAPEAKE BANK.

An administrator *pendente lite* is responsible to the orphans court so long as he holds the letters, and that court has *adequate powers* to protect the interests of those concerned in the faithful performance of his duties, and a *court of equity* has no right to interfere with him, or with the funds in his hands belonging to the estate.

APPEAL from the Equity Side of the Superior Court of Baltimore city.

The bill in this case, filed by the appellants against the appellees, alleges that Mrs. Lee is the niece and one of the heirs at law and next of kin of Charcilla C. D. Owings, who,

as the complainants believe, died intestate, though a paper purporting to be her will, has been offered for probate by the defendant, Price, to the orphans court for Baltimore city, and having been *caveated*, is now the subject of inquiry as to its validity on issues sent from that court to the Superior court of Baltimore city for trial; that Price obtained letters of administration *pendente lite* on the estate of Miss Owings, from the orphans court for Baltimore county, though the will was never offered for probate in that court, and no controversy touching the same has ever been pending there, and that certificates of deposit for a large amount ($22,000) issued to Miss Owings by the Chesapeake Bank, and other property of hers have come to his hands, and that Price surrendered those certificates to the bank, and took out others for the same money in his *individual name*, and has obtained from the bank a part of the money for which such new certificates of deposit were issued to him, and has applied it to his own use; that the complainants are apprehensive he will convert and waste the whole of the funds of the estate in his hands during the pendency of the controversy respecting the will, and that the rights and interests of the complainants in the estate may be greatly endangered; and that the complainants are remediless, except in equity. The bill then prays for an injunction restraining Price from using any more of the money, and that what has been used may be replaced, and the bank from paying any more of said money to him.

The injunction which was issued on this bill is directed to Price and the bank, and besides enjoining the payment of any more of the money to Price, and his appropriation of the same to his own use, directs the certificates which have been issued to him to be returned, and the money to be replaced in bank, as the money of the estate.

Price, in his answer, admits the *caveat* to the will, and the pendency of the issues to test its validity, and the grant to him by the orphans court for Baltimore county, after deciding that it had jurisdiction of the matter, of letters of administration *pendente lite* on the estate of Miss Owings, and his possessing himself, in that character, of the certificates of deposit which

had been issued to her by the bank. He also admits that he demanded payment of said certificates, and redeposited the amount in the same bank in his own name, receiving new certificates therefor, and has since obtained from the bank the amount of one of these certificates, and still retains the others, amounting to $16,500, and bearing interest, and states that he does not mean to make any use of them, except in due course of administration. He further alleges that his bond as administrator is abundantly ample for the whole personal estate, and denies that there is any ground whatever for apprehension on the part of the complainants, or that they do, in fact, apprehend any danger of ultimate loss. He concludes his answer by excepting to the jurisdiction of the court, on the ground that there is adequate remedy for the protection of all concerned, without resorting to the extraordinary powers of a court of equity, and that such a remedy is afforded by law in the orphans court for Baltimore county, where the duties of an administrator *pendente lite* may be enforced summarily and effectually, and at small cost.

The answer of the bank agrees with that of Price, as to the issual of the original certificates of deposit to Miss Owings, Price's demand of the amount of them, as administrator *pendente lite,* and his surrender of the old, and reception of new certificates in his own name for the amount, one only of which has been cashed for him, the rest being still outstanding.

Both answers being filed, Price moved for a dissolution of the injunction, and the complainants then asked for a commission to take testimony, which was issued accordingly, and evidence taken thereunder, which does not change the state of facts averred in the answer, and, therefore, need not be repeated. The motion to dissolve was then heard, and the court (LEE, J.,) dissolved the injunction, and from the order of dissolution the complainants appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON, TUCK and BARTOL, J.

No counsel appeared for the appellants.

*J. Mason Campbell* for the appellees:

1st. The writ that issued was manifestly wrong, and merited the fate it received. It not only restrained the defendants from further payments, but actually ordered them to put back the money already paid, and left nothing whatever to be done by a final decree. It was, in effect, a final decree as to the whole controversy, and ended the case. *Drury on Injunctions,* 200.

2nd. In regard to the moneys payable to Price by the bank, on the certificates, it was unnecessary to come into chancery, when the orphans court of Baltimore county could have, at once, ordered the money into court, either *ex officio* or on application. *Act of* 1831, *ch.* 315, *secs.* 4 *to* 7. That court had adundant power to accomplish every thing desired by this bill, and there was, therefore, no necessity for going into equity. 3 *Md. Rep.,* 454, *Cain vs. Warford.* 3 *Bland,* 184, *Hewitt's Case.* 8 *G. & J.,* 226, *Alexander vs. Stewart.* 10 *Simons,* 327, *Jones vs. Goodrich, (note* 1.)

TUCK, J., delivered the opinion of this court.

The bill of complaint does not state a case authorizing a court of equity to interfere with the appellee, Price, or with the funds in his hands, belonging to the estate, in the manner proposed by the complainants. He must be treated as administrator *pendente lite,* appointed by a court of competent jurisdiction, and responsible to that tribunal so long as he holds the letters of administration. *Raborg vs. Hammond,* 2 *H. & G.,* 42. *Alexander vs. Stewart,* 8 *G. & J.,* 226. The powers of the orphans courts, under the acts of Assembly, are adequate to the protection of the interests of those concerned in the faithful performance of the duties of the appellee, as administrator, whilst his official bond affords indemnity for any loss that may occur. If the bond be insufficient, another may be required. We have decided the case upon the bill, without reference to the circumstance that the answer denies the allegations that the funds of the estate have been, or will be, wasted or misapplied by the administrator. See the act of 1831, ch. 315.

*Order affirmed.*

(Decided July 20th, 1858.)