STATE OF MARYLAND *vs.* WILLIAM H. BELL.

*Criminal Law—Practice—When a Writ of Error will not lie.*

Upon an indictment containing several counts, charging the offence in various forms, for the purpose of meeting the evidence as it may transpire, the prosecutor cannot be compelled to elect on which count he will proceed.

In a case where the prosecutor ought to be required to elect, the motion for that purpose may be made at any time during the trial.

The application for a prosecutor to elect, is addressed to the discretion of the Judge, and though error be committed in requiring him to do so, it is not one which can be reviewed and corrected by this-Court.

WRIT OF ERROR to the Circuit Court for Carroll County.

The appellee was indicted in the Circuit Court for Carroll County, at November Term 1866, on the five following counts, viz :

1st. That he did on the 20th October, 1866, &c., make an assault with an intent, John T. Leverall feloniously, wilfully and of his malice aforethought, to kill and murder, contrary, &c.

2d. That he did on that day, &c., with a certain pistol, loaded with gunpowder and ball, unlawfully shoot at John T. Leverall, with intent, John T. Leverall to maim, contrary, &c.

3d. That he did on that day, &c., with a certain other pistol loaded with gunpowder and ball, unlawfully shoot John T. Leverall, with intent to disfigure the said John T. Leverall, contrary, &c.

4th. That he did on that day, &c., with a certain other pistol loaded with gunpowder and ball, unlawfully shoot, with intent John T. Leverall to disable, contrary, &c.

5th. That he did make an assault, and the said John T. Leverall beat, bruise, wound and ill-treat, so that his life was greatly despaired of, and other wrongs, &c., against, &c.

To which indictment the traverser pleaded "*Not Guilty*," and thereupon the issues were joined, and the jury empannelled to try them. The traverser then moved the Court to require the prosecuting attorney for the State to elect, upon which one of the first four counts, in connection with the fifth, he would go to trial. The prosecuting attorney resisted this motion to elect, and assigned the following grounds of objection:

1st. That the said motion was not made until after pleading to the indictment, and swearing the jury in the cause.

2d. That the indictment and the several counts therein, relate to and make but one specific charge against the traverser, and contain therein and charge against him but one distinct and specific offence, being simply a misdemeanor.

3d. That from the nature and circumstances of the case, the attorney for the State cannot make any distinction or discrimination between the several counts in said indictment, so as to select any one or more of them, without endangering or preventing the ends of justice.

But the Court overruled the objections and required the State's attorney, according to the motion of the traverser, to elect; whereupon he elected to proceed upon the first and fifth counts of the indictment. On these the traverser was tried and acquitted. The State thereupon alleged that there was error in this ruling of the Court, compelling the State to go to trial on two counts in the indictment, and moved for and obtained a writ of error, by which the proceedings were brought before this Court.

The cause was argued before Bowie, C. J., Bartol, Weisel and Crain, J.

*Alexander Randall* (Attorney General) for the appellant: Waived the first objection. On the second, cited the

State of Maryland *vs.* Bell.

following authorities: *Code of Pub. Genl. Laws, Art.* 30, sec. 122; *Wharton's Precedents of Indictments and Pleas,* (2) *last of the notes; Wharton's Am. Crim. Law, secs.* 414, 425; *Rex vs. Jones,* 2 *Camp.,* 132; *Regina vs. Trueman,* 8 *Carr. & Payne,* 727 (34 *Eng. Com. Law,* 605); *Regina vs. Strange,* 8 *Carr. & Payne,* 172 (34 *Eng. Com. Law,* 341); *United States vs. Dickinson,* 2 *McLean's Rep.,* 325; *Manly vs. The State,* 7 *Md. Rep.,* 148.

And in support of the third objection referred to the following authorities: *Burk vs. The State,* 2 *H. & J.,* 426; *State vs. Sutton,* 4 *Gill,* 494; *Manly vs. The State,* 7 *Md. Rep.,* 148.

No counsel appeared for the appellee.

BARTOL, J., delivered the opinion of this Court.

The only error assigned in this record is the action of the Circuit Court in requiring the State's Attorney to elect, upon which of the first four counts, in connection with the fifth or last count, he would proceed to trial. "The application for a prosecutor to elect, is an application to the discretion of the Judge, founded on the supposition that the case extends to more than one charge, and may, therefore, be likely to embarrass the prisoner in his defence." *Regina vs. Trueman,* 8 *C. & P.,* 727 (34 *Eng. C. L.,* 605). In this case the application was made after the traverser had pleaded to the indictment, and the jury had been sworn, and is alleged to have been made too late; this objection, however, was properly waived by the Attorney General in the argument. In *Burk vs. The State,* 2 *H. & J.,* 426, it was decided that "after a prisoner has pleaded generally to an indictment, having two counts, the jury may be sworn and charged upon one of the counts only, to the exclusion of the other." It follows from this that in a case where the prosecutor ought to be required to elect, the motion for that purpose may be made at any time during the trial.

"When the indictment contains several counts, charging two or more distinct offences, the Court will, on motion, order it to be quashed, or compel the prosecutor to elect on which charge he will proceed. But such election will not be required to be made when several counts are introduced solely for the purpose of meeting the evidence as it may transpire, the charges being substantially for the same offence." *Whar. Am. Cr. Law*, s. 416, *and cases there cited; see also secs*, 422, 423. We think the above citation from *Wharton* contains a correct statement of the rule, and applying it to the indictment before us, we are of opinion that the several counts were properly joined; and as they do not charge distinct offences, but evidently relate to the same transaction, the attorney for the State ought not to have been required to elect. In the case of *Regina vs. Strange*, 8 *C. & P.*, 172 (34 *E. C. L.*, 341), where the indictment was under the Statute, 7 *Will.*, 4, and 1 *Vic.*, *ch.* 85, and charged the offence in various forms, as in this case, it was held by Lord Denman, C. J., and Mr. Justice Park, that the prosecutor could not be compelled to elect on which charge he should proceed, and we entirely concur in the propriety of that decision. We have deemed it proper to express our opinion upon this question, on account of its intrinsic importance, and for the purpose of settling the practice in the State; although the alleged error is not one which can be reviewed and corrected by an appellate Court. It is well settled that such motions are addressed to the discretion of the inferior Court, and a writ of error will not lie from its decision thereon. *Bailey vs. State*, 4 *Ohio N. S.*, 440; *State vs. Leonard*, 22 *Miss.*, (1 *Jones*,) 449. In this case no benefit could accrue to the State even if we had power to review and reverse the decision of the Circuit Court; the defendant in error could not be again put upon his trial on the second, third, and fourth counts, because having been

acquitted of the assault charged in the fifth count, he has virtually been acquitted upon all.

. (Decided 12th November, 1867.)