(Decided 16th March, 1881.)

---

STATE OF MARYLAND *vs.* PATRICK McNALLY AND THOMAS MYERS.

*Practice in Criminal Cases—Petition under Rule* 1, *as upon Writ of Error—The Discretion of a Court to Quash an Indictment—Review of its Judgment— Variation in Counts of an Indictment alleging Ownership of Property charged to be Stolen—When Indictment quashed, or the Prosecution required to Elect on which Count to Proceed—Art.* 30, *sec.* 82, *of the Code.*

The defendants were indicted in the Court below for stealing three bushels of wheat. The indictment contained three counts. The first count described the wheat as the property of the N. C. R. C. The second count described it as the property of the said N. C. R. C., in its capacity as common carrier and bailee of said wheat. The third count described it as the property of certain persons doing business under the name of M. & Co., the alleged consignees of the said wheat. The defendants moved to quash the indictment for defects, which they alleged, were apparent on its face, but which were not stated in the motion. The Court below quashed the indictment. Whereupon the attorney for the State, desiring to

State *vs.* McNally and Myers.

have the record removed into this Court, as upon writ of error, filed a petition in the name of the State, designating the questions of law, by the decision of which the State was aggrieved; namely, the quashing of the indictment. The petition stated that the point of the defendants was, that the ownership of the property, alleged in the indictment to have been stolen, could not be properly charged, in the same indictment, as being in different persons; inasmuch as this was, in effect, holding the defendants to answer upon several and distinct charges. The record being by order of the Court below, brought into this Court, it was HELD:

1st. That the State's petition met the requirements of the rule of this Court as to petitions in the nature of writs of error, and that the decision of the Court below was properly before this Court for review, as the action of the Court below in quashing the indictment did not depend upon its arbitrary discretion, but its discretion should have been governed by rules, and having acted in violation of them, its judgment could be reviewed and reversed.

2nd. That the indictment was sufficient in law, and the variation in the different counts, in alleging the ownership of the property charged to be stolen, formed no valid objection to it.

3rd. That if the objection to the indictment had been valid, it was not one for which a demurrer lay under Art. 30, sec. 82, of the Code, but it would have been competent for the Court in its discretion either to compel the prosecutor to elect upon which count he would proceed, or in a clear case to quash the indictment.

APPEAL from the Circuit Court for Baltimore County.

The case is stated in the opinion of the Court.

The cause was argued for the State before BARTOL, C. J., MILLER, ALVEY and ROBINSON, J.

*Charles J. M. Gwinn, Attorney-General,* for the appellant.

No counsel appeared for the appellees.

BARTOL, C. J., delivered the opinion of the Court.

The defendants, McNally and Myers, were indicted in the Circuit Court for Baltimore County for stealing three bushels of wheat. The indictment contained three counts, the *first* described the wheat as the property of the "Northern Central Railway Company," a corporation of the State of Maryland; the *second* described the wheat as the property of the "Northern Central Railway Company," a corporation under the laws of the State of Maryland, then being in possession thereof in its capacity as common carrier and bailee of said wheat; and the *third* described the wheat as the property of certain persons therein named, doing business under the name of Meixsel & Co., the alleged consignees of the said wheat. The defendants, by their attorney, moved the Court to quash the indictment "for defects, which they alleged to be apparent on its face." The supposed defects were not pointed out or designated in the motion. The Circuit Court granted the motion and quashed the indictment.

Thereupon the attorney for the State desiring to have the record removed to this Court as upon writ of error, filed a petition in the name of the State, designating the questions of law, by the decision of which the State was aggrieved, namely, the quashing of the indictment. The petition states that the point urged by the defendants in support of their motion, was "that the ownership of the property, alleged in the indictment to have been stolen, could not be properly charged in the same indictment, as being in different persons or individuals, and that it was in effect, holding the defendants to answer upon several and distinct charges, and that it was so held and adjudged by the Court." Thereupon the Circuit Court ordered the record of proceedings in the case to be transmitted to this Court.

In our opinion the petition by the State, "plainly designates the points or questions of law by the decision of

which the State feels aggrieved," as required by Rule 1st, (29 *Md.*, 1,) and consequently that the decision of the Circuit Court is properly before us for review, as upon writ of error, unless it shall appear that the ruling by the Circuit Court is one from which a writ of error will not lie.

There has been no appearance in this Court for the defendants in error, nor any brief or argument on their behalf.

On the part of the State it has been contended that even if the objection to the indictment was valid, it was error to grant the motion to quash; because since the Act of 1852, *ch.* 63, *sec.* 2, (1 *Code, Art.* 30, *sec.* 82,) such objection can only be made by a demurrer. That section provides "that no indictment or presentment for felony or misdemeanor shall be quashed, nor shall any judgment upon any indictment for any felony or misdemeanor, &c. * * * * * * be stayed or reversed," for the omission or want of certain averments therein specified "or by reason of any mere defect or imperfection in matters of form which shall not tend to the prejudice of the defendant, *nor for any matter or cause which might have been a subject of demurrer to the indictment, inquisition or presentment.*" It is very clear that if the objection urged against the indictment in this case was one for which a demurrer would have lain previous to the Act of 1852, the objection could not be made since that Act by a motion to quash, nor in any other form except by demurrer. *Cowman vs. The State,* 12 *Md.,* 253; *Maguire vs. The State,* 47 *Md.,* 485.

But the ground of the motion, as it appears by the record, was that the indictment was alleged to contain several distinct charges of felony against the defendants; if this were so, it is well settled that it would not be a cause for demurrer, or ground for a motion in arrest after verdict. *Young, et al. vs. The King,* 3 *Term,* 106; *Burk*

*vs. State,* 2 *H. & J.,* 429 ; 1 *Chitty Cr. L.,* 249*m.*; 1 *Arch-bold's Cr. Pr. & Pl.,* 295, (8*th Ed.*;) *Wharton Cr. Pl. & Pr., sec.* 285, (8*th Ed.* ;) 1 *Bishop Cr. Pro., ch.* 29, *sec.* 449.

Where several distinct felonies are charged in the same indictment, the rule in England is as stated by Chitty ·(1 *Cr. L.* 449*m.*) " that the only mode of objecting to such a joinder of offences is by an application to the Court to quash the indictment before plea, or to compel the prose-cutor to elect which charge he will try in the subsequent stage of the proceedings. But the Court will only listen to such a request, when they see that the charges are actually distinct and may confound the prisoner, or dis-tract the attention of the jury."

This rule of the common law exists in Maryland, and in a case where there are several counts in the indictment, charging the defendant with more than one distinct and separate felonies, it is competent for the Court, in its dis-cretion, either to compel the prosecutor to elect upon which he will proceed, or in a clear case to quash the indictment. Such a case does not fall within the provi-sion of *Art.* 30, *sec.* 82 of the Code; because it is well settled " that in point of law, it is no objection that two or more offences of the same nature, and upon which the same or a similar judgment may be given, are contained, in different counts of the same indictment. It therefore forms no ground for a motion in arrest, neither can it be objected by way of demurrer." *Kane vs. The People,* 8 *Wend.,* 211. We refer also to 3 *Term R.,* 106, and the other authorities before cited.

In this case, the error into which the learned Judge of the Circuit Court has fallen, is in construing the indictment as charging several distinct felonies, whereas it is obvious ·on the face of the indictment, " that the several counts relate to the same transaction, and that the variation of the form in which the offence is charged in the different ·counts is done with a view to meet the evidence." No

valid objection can be made to the indictment on that account. *U. States vs. Dickinson,* 2 *McLean's C. C. R.,* 328; 2 *East's P. C.,* 515.

It is laid down by Chitty, (1 *C. L.,* 249,) "that the introduction of several counts which merely describe the same transaction in different ways, cannot be made the subject of objection; for the defendant can neither demur, apply to the Court to relieve him, nor move in arrest of judgment." The same doctrine is stated in 1 *Starkie on Cr. Pl.,* 43; 1 *Archbold's Cr. Pr. & Pl.,* 202, (8*th Ed.*)

In *Wharton's Cr. Pl. & Pr.,* sec. 297, it is said: "Every cautious pleader will insert as many counts as will be necessary to provide for every possible contingency in the evidence; and this the law permits. Thus he may vary the ownership of articles stolen, in larceny, of houses burned, in arson, or the fatal instrument and other incidents, in homicide."

The indictment in this case being sufficient in law, and the variation in the different counts, in alleging the ownership of the property charged to be stolen, forming no valid objection to the indictment, it was error in the Circuit Court to order it to be quashed.

The question remains, whether this ruling by the Circuit Court, is a subject for review upon writ of error? Ordinarily a motion to quash is addressed to the discretion of the Court, and it has repeatedly been decided, that the decision of the Court thereon, being a matter of discretion, is not subject to review by an appellate Court. The cases upon this subject are collected in *Wharton, Cr. Pl. & Pr.,* in the notes to sec. 387. The author says: "It has been frequently ruled, that as quashing is a discretionary act, error does not lie on its refusal. Even *granting* the motion has been held a matter of discretion, as to which there is no revision. But an examination of the cases will show that error has been sustained in numerous

instances to such rulings, either directly, or indirectly. And it would be monstrous to assume that an inferior Court could defeat revision by putting its judgment in the shape of quashing. And the reason for review is peculiarly strong in those States in which defendants are required to avail themselves of certain formal defects, exclusively in motions to quash."

Many cases are cited by the author in which the erroneous action of the inferior Court, in quashing the indictment has been reviewed and reversed. Among them are, *State vs. Fortune*, 10 *Miss.*, 466; *Rector's Case*, 11 *Miss.*, 28; *Batchelor's Case*, 15 *Miss.*, 207; *Wall's Case*, *Id.*, 208; *Lupfoot's Case*, 19 *Miss.*, 375; *State vs. Barnes*, 3 *Ind.*, 570; *Commonwealth vs. Church*, 1 *Barr.*, (*Pa.*.) 105.

In the case last cited, GIBSON, C. J., who delivered the opinion of the Court, said: "This indictment is unexceptionable in form. We are of course bound to say the order to quash it is erroneous. This necessary consequence illustrates the rule stated by Mr. Chitty and other writers on criminal law, that though the Court has discretionary power over the subject, the exercise of it is to be governed by rules, and that the indictment is to be quashed only for some defect apparent in it, or in the caption of it, for instance, want of jurisdiction." In that case the indictment had been erroneously quashed for extrinsic facts, which were properly to be passed on by the jury.

In that respect the case is not like the present. But the decision is authority for the position, that the action of the Court in quashing an indictment, does not depend upon its arbitrary discretion; but that its discretion is to be governed by rules, and where it acts in violation of those rules, its judgment may be reviewed and reversed. Being of opinion that this is the correct doctrine; and it appearing that the ruling of the Circuit Court in this case was clearly erroneous, its order and judgment

quashing the indictment will be reversed, and the cause will be remanded, to the end that the defendants may be required to plead to the indictment, and the trial be proceeded with according to law.

*Judgment reversed, and*
*cause remanded.*

(Decided 16th March, 1881.)