## STATE OF MARYLAND vs. WM. A. BLAKENEY.

*Charging Different Violations of Liquor Law in Same Indictment—Distinct Misdemeanors in Several Counts of Indictment.*

Several counts for different violations of a Local Option liquor law may be combined in the same indictment.

When several distinct misdemeanors are charged in different counts of the same indictment, it is within the discretion of the trial Court, on the application of the traverser, to require the prosecution to elect on which count it will proceed.

Appeal from the Circuit Court for Kent County.

The cause was argued before McSHERRY, C. J., FOWLER, BOYD, SCHMUCKER, and JONES, JJ.

*Isidor Rayner, Attorney-General,* for the appellant.

*Lewin W. Wickes* and *Richard D. Hynson,* for the appellee submitted the case on their brief.

FOWLER J., delivered the opinion of the Court

The traverser was indicted in the Circuit Court for Kent County for the violation of the Local Option Law of that County.

The indictment contains five counts. The first two counts charge sales of intoxicating liquors to one George Cadwalader, and the third the giving away of such liquors to Robert R. Calder. The fourth count alleges that the traverser kept and had in his possession spirituous and fermented liquors to be used by said Robert R. Calder, and the fifth that the traverser allowed his place of business to be a depository for such liquors. Each of these offenses is alleged to be in violation of the Act of Assembly, known as the Local Option Law of Kent County. The traverser demurred to the whole indictment—and his demurrer which was sustained by the trial Court is based upon the proposition that he cannot be called

on under one indictment·to answer three distinct criminal charges entirely disconnected.

The proposition, as thus stated, cannot be maintained. The general rule is thus expressed in 10 *Encyl. P. & Pr. (Indictments)*, p. 546. "While it is said that the defendant ought not to be charged with different felonies in different counts of the same indictment, as such a course might interfere with his full defense, the joinder of different offenses in the same indictment, in separate counts, is not necessarily fatal to the pleading itself, as appears from the various adjudications holding that such joinder is not ground for demurrer or arrest of judgment, but that the Court may, in its discretion, quash the indictment or compel the prosecutor to elect upon which count he will proceed." Among the cases cited in the notes to sustain the text is the case of *State* v. *McNally*, 55 Md. 562. The indictment in the case just cited contains three counts charging the traversers with the larceny of a quantity of wheat. In each count it was alleged the wheat was the property of a different owner, and it was contended in support of a motion to quash that the ownership of the property alleged in the indictment to have been stolen, could not properly be charged in the same indictment, as being in different persons and that it was in effect, holding the defendants to answer upon several and distinct charges. It was held (BARTOL, C. J.) that even if the indictment did, as alleged, contain several distinct charges of felony against the defendants it was settled that *this* would not be a cause of demurrer, or a ground for a motion in arrest after verdict. "Where several *distinct felonies* are charged in the same indictment the rule in England is as stated by Chitty (1 Cr. L. 449m), that the only mode of objecting to such a joinder of offenses is by an application to the Court to quash the indictment or to require the prosecutor to elect." "This rule of the common law" said this Court in *State* v. *McNally*, "exists in Maryland, and in a case where there are several counts in the indictment charging the defendant with more than one *distinct and separate felony*, it is competent for the Court, in its discretion, either to compel the

prosecutor to elect upon which he will proceed, or in a *clear case* to quash the indictment." "Such a case" continued the Court "does not fall within the provisions of the Code, Art. 30, sec. 82 (Art. 27, sec. 286); because it is well settled that in point of law, it is no objection that two or more offenses of the same nature and upon which the same or a similar judgment may be given, are contained in different counts of the same indictment. It, therefore, forms no ground for a motion in arrest, neither can it be objected to by way of demurrer." Having thus fully considered the case upon the assumption that the indictment in its several counts charged the traverser with distinct and separate offenses, the Court proceeds to point out that the error committed by the lower Court was in so construing the indictment, whereas it was said to be obvious on the face of the indictment "that the several counts relate to the same transaction, and that the variation of the form in which the offense is charged in the different counts is done with a view to meet the evidence."

If this well settled rule applies to felonies, *a fortitori* will it apply to indictments charging misdemeanors. Thus in sec. 452, p. 279, 1 *Bishop's New Crim. Procedure* it is said: "By the practice everywhere, distinct misdemeanors may be joined in separate counts of one indictment to be followed by one trial for all and by conviction for each, the same as though all were charged in separate indictments—subject to practical limitations by judicial discretion." And the author states in paragraph 3 of the section just cited that when liquor selling is made a misdemeanor by statute punishable by fine, several counts for *distinct sales* may be combined in one indictment, and the accumulated penalty imposed. This, as we believe, is the practice, in this State in similar prosecutions in Baltimore City, and in some, at least, of the circuits.

The same general rule, namely that in prosecutions for misdemeanors several distinct offenses of the same kind requiring punishments of like nature may be joined in separate counts in the same indictment is stated in 10 *Encyl. Pl. & Prac.* p. 549, and sustained by numerous authorities both American and English.

All of the offenses charged in the indictment now before us are admitted. to have been violations of the Kent County Liquor Law, and if for any good reason the traverser did not wish or was unable to meet them all in one trial and before the same jury, he should have made his application to the Court to compel the State to elect. It is not every application of this kind that will be granted by the trial Court. The application is founded on the supposition that the case extends to more than one charge, *State* v. *Bell*, 27 Md. 675, and therefore where it appears from the face of the indictment, as it did in *State* v. *McNally*, *supra*, that all the counts are based upon the same transaction the prosecutor will not be required to elect. It does not necessarily follow, however, that if it appears from the face of the indictment that several distinct and separate *misdemeanors* are charged in several counts that the traverser is entitled *as matter of right*, to ask that the State be compelled to elect. While it has been held in this State that such an application may be made by the traverser at any time during the trial, yet it is addressed to the discretion of the Court, and the ruling thereon is not reviewable by appeal. *State* v. *Bell, supra.* This being so the trial Court will, therefore, be all the more careful not to exercise or refuse to exercise this most important function without the most careful consideration. In the second paragraph of sec. 458, pg. 286 of 1 *Bishop's New Crim. Procedure* it is said "that the joining in proper cases of distinct misdemeanors in one indictment, their trial at one hearing before the petit jury, are essential to the administration of real justice,—in some cases essential as protecting the accused from the over-burden of needless trials, in others as saving the courts from being blocked by them, to the utter suspension of public justice. So plain is all this," continues the author, "that, by many judges even the authority to compel an election of counts in misdemeanors is denied, while others say that, in practice, it is never done. The better view, however, evidently is, that the authority exists, yet it should be exercised cautiously and only in those special cases, wherein otherwise some right or interest will be put in peril."

We believe the practice in this State is well settled which allows the traverser to ask and authorizes the Court to require an election in misdemeanors but, as we have said this authority should be exercised with caution and only in cases in which it is clear some right of the traverser will be put in peril by its refusal.

It follows that the rulings of the Court below sustaining the demurrer will be reversed.

*Rulings reversed and cause remanded.*