COMMONWEALTH *vs.* JOHN HART.

In an indictment upon *St.* 1852, c. 322, § 12, for being a common seller, it is suffi-
cient, as under former statutes, to allege that the defendant was a common seller,
without being duly licensed, &c: the particular sales need not be averred; and
if defectively stated, such allegation may be rejected as surplusage.
Such an indictment need not allege that the liquors sold were not imported in
original packages, or that they were not cider for other purposes than that of a
beverage, or not the fruit of the vine, for the commemoration of the Lord's
Supper.

THE defendant was indicted at the January term of the
municipal court in the city of Boston, 1853, under the twelfth

section of the " act concerning the manufacture and sale of spirituous or intoxicating liquors," *St.* 1852, *c.* 322, which provides that " no person shall be allowed to be a manufacturer of any spirituous or intoxicating liquors for sale, or a common seller thereof, without being duly authorized and appointed as aforesaid, (*i. e.* as provided in previous sections,) on pain of forfeiting, on the first conviction, $100 and the costs of prosecution; and three several sales of spirituous or intoxicating liquors, either to different persons or to the same person, shall be sufficient to constitute a violation of this section. ———— *Provided,* that nothing in this act shall be construed to prevent the manufacture or sale of cider for other purposes than that of a beverage; or the sale and use of the fruit of the vine for the commemoration of the Lord's Supper."

The fourteenth section provides that, when liquors are seized under the provision of that section, the owner or keeper shall be summoned before the magistrate by whose warrant they were seized, " and if he fail to appear, or unless he shall prove that said liquors are of foreign production, that they have been imported under the laws of the United States, and in accordance therewith, that they are contained in the original packages in which they were imported, &c., they shall be declared forfeited," &c.

The indictment was as follows : " The jurors for the commonwealth of Massachusetts, on their oath present, that John Hart, of Boston, in said county of Suffolk, trader, on the second day of January, in the year of our Lord eighteen hundred and fifty-three, at Boston, aforesaid, in said county of Suffolk, and on divers other days and times, between the first day of December, in the year of our Lord eighteen hundred and fifty-two, and the day of the finding, presentment, and filing of this indictment, there without any authority or license therefor, as required by law, and not being authorized or appointed so to do, by or under any of the provisions of the statutes, passed in the year eighteen hundred and fifty-two, entitled, ' An act concerning the manufacture and sale of spirituous or intoxicating liquors,' did presume

to be, and said John Hart then and there was a common seller of wine, brandy, rum, and other spirituous and intoxicating liquors in and about a building then and there used by him as a shop, sales-room, and place of business; [and did then and on said other days and times, there, without any license, appointment or authority to sell such liquors for any purpose, commonly sell spirituous and intoxicating liquors to divers persons, more than three in number, to wit, to one Patrick Hickey, to one Thomas Murphy, and to divers other persons, whose persons and names to said jurors as yet are not known,] against the peace of the commonwealth, and contrary to the form, force, and effect of the statute in such case made and provided."

After a verdict of guilty in the court of common pleas, the defendant moved in arrest of judgment: "1. Because of duplicity; 2. Because there was no allegation of three several sales, as required by the statute to constitute a common seller; 3. Because there was no sufficient description of the person to whom the sales were made; 4. Because it does not appear that the liquors sold were not imported in original packages; 5. Because there is no allegation that the liquors sold were not cider for other purposes than that of a beverage, or the fruit of the vine for the commemoration of the Lord's Supper." This motion was overruled by *Hoar*, J. and the defendant excepted to the decision.

*J. H. Bradley*, for the defendant.

*J. C. Park*, (county attorney,) for the commonwealth.

METCALF, J. The first objection taken to this indictment, that it is bad for duplicity, was waived at the argument. The second objection to the indictment is, that "there is no allegation of three several sales, as required by the statute to constitute a common seller." And it is argued for the defendant, that the sales alleged to have been made to Hickey, Murphy, and others, might have been made to them jointly, and not to each of them severally.

The 12th section of *St.* 1852, *c.* 322, on which this indictment is framed, declares that " three several sales of spirituous or intoxicating liquors, either to different persons, or to the

same persons, shall be sufficient to constitute a violation of this section." This, however, is only a declaration of the number of sales that shall constitute a common seller, and that evidence of three several sales shall be sufficient to convict a person of being such seller. The section does not require that an indictment shall allege three several sales. It makes no provision concerning the form of an indictment against a common seller. The old forms, therefore, which were held sufficient to charge a defendant as a common seller, under former statutes, are sufficient for the same purpose, under this. And it has been decided that an indictment for this offence, under those statutes, was sufficient, which set forth in the general words of the statutes, that the defendant was a common seller, without being duly licensed, and that additional allegations as to particular sales were needless, and might be treated as surplusage. *Commonwealth* v. *Pray,* 13 Pick. 359. That decision, which has been repeatedly recognized and sanctioned, is conclusive against the objection now under consideration; and we need not inquire whether three several sales are well alleged in this indictment. It was unnecessary to allege any particular sales; and the allegation of them may be rejected as surplusage. The other allegations constitute a sufficient indictment.

The third objection to the indictment is, " that there is no sufficient description of the persons to whom the sales were made." The reasons on which we overrule the second objection apply to this. The allegation of sales to any individual being needless, it is immaterial whether such allegation is sufficiently descriptive of the individual or not. It is surplusage, and is to be rejected as such.

The fourth objection is, that it does not appear in the indictment, " that the liquors sold were not imported in original packages." There is no legal ground for this objection. All that is said in the statute, concerning the original packages in which liquors are imported, is in section 14, which provides that when liquors shall be seized under the provisions of that section, they shall be declared forfeited and shall be destroyed, unless the owner or keeper can prove,

among other things, that they are contained in the original packages in which they were imported. This provision has no reference to an indictment for selling liquor contrary to the statute.

The last objection to the indictment is, that "there is no allegation that the liquors sold were not cider for other purposes than that of a beverage," &c. The section on which this indictment is framed renders penal the offence of being a common seller of any spirituous or intoxicating liquors, without being duly appointed or authorized. Then several provisions are made as to the evidence that shall be sufficient to warrant a conviction of this offence, and as to including clerks, servants, &c., in the same indictment with the principal, and as to alleging two or more offences in the same complaint or indictment. The section closes with a proviso, "that nothing in this act shall be construed to prevent the manufacture or sale of cider for other purposes than that of a beverage," &c. This proviso extends to other sections besides that in which it is inserted, viz: to all the sections which prohibit the manufacture or the single sale of liquors.

The rule of pleading a statute which contains an exception is usually expressed thus: "If there be an exception in the enacting clause, the party pleading must show that his adversary is not within the exception; but if there be an exception in a subsequent clause or subsequent statute, that is matter of defence, and is to be shown by the other party." The same rule is applied in pleading a private instrument of contract. If such instrument contain in it, first, a general clause, and afterwards a separate and distinct clause which has the effect of taking out of the general clause something that would otherwise be included in it, a party, relying upon the general clause, in pleading, may set out that clause only, without noticing the separate and distinct clause which operates as an exception; but if the exception itself be incorporated in the general clause, then the party relying on it must, in pleading, state it together with the exception. Gould Pl. c. 4, §§ 20, 21; *Vavasour* v. *Ormrod,* 9 Dowl. & Ryl. 597, and 6 Barn. & Cres. 430; 2 Saund. Pl. & Ev. (2d ed.) 1025, 1026. The

reason of this rule is obvious, and is simply this: Unless the exception in the enacting clause of a statute, or in the general clause in a contract, is negatived in pleading the clause, no offence or no cause of action appears in the indictment or declaration, when compared with the statute or contract. Plowd. 410. But when the exception or proviso is in a subsequent substantive clause, the case provided for in the enacting or general clause may be fully stated without negativing the subsequent exception or proviso. A *primâ facie* case is stated, and it is for the party, for whom matter of excuse is furnished by the statute or the contract, to bring it forward in his defence.

In *Steel* v. *Smith,* 1 Barn. & Ald. 94, Bayley, J. said: " When there is an exception so incorporated with the enacting clause, that the one cannot be read without the other, then the exception must be negatived." Our statute concerning the observance of the Lord's day, Rev. Sts. *c.* 50, furnishes as plain an example of this rule of pleading as can be found. By section 1, " no person shall do any manner of labor, business, or work, except only works of necessity or charity, on the Lord's day." By section 2, " no person shall travel on the Lord's day, except from necessity or charity." Here the exception is in the enacting clause, and that clause cannot be read without reading the exception. In an indictment on either of these sections, it is doubtless necessary to negative the exception; otherwise, the case provided for is not made out. Labor or travelling merely is not forbidden; but unnecessary labor and travelling, and labor and travelling not required by charity. The absence of necessity and charity is a constituent part of the description of the acts prohibited, precisely as if the statute had, *in totidem verbis,* forbidden unnecessary labor and travelling, and labor and travelling not demanded by charity. All the cases in which this rule of pleading has been rightly applied, will be found, when examined accurately, to be just the same in principle. See *Whitwicke* v. *Osbaston,* 1 Lev. 26; *Jones* v. *Axen,* 1 Ld. Raym. 119; *The King* v. *Jukes,* 8 T. R. 542; *Thibault* v *Gibson,* 12 Mees. & Welsb. 88; *Smith* v. *Moore,* 6 Greenl

274; *Reynolds* v. *The State*, 2 Nott & McCord, 365; *The State* v. *Norman*, 2 Dev. 222; *Teel* v. *Yellis & Fonda*, 4 Johns. 304.

It is stated in several books that the exceptions in the enacting clause of *St.* 1 Eliz. *c.* 2, § 14, need not be negatived in an indictment; and a case in Godb. 148, and another in 2 Leon. 5, are cited, the last of which fully supports this statement. The reason for those decisions is not given in the reports; but we find that *St.* 29 Eliz. *c.* 6, § 5, which was passed before those decisions were made, provided that an indictment on *St.* 1 Eliz. need not contain the averments which were omitted in those cases. 1 East P. C. 18: 1 Stark. Crim. Pl. (2d ed.) 176.

In the case of *Attorney-General* v. *Sheriff*, Forrest, 43, it was held that, after verdict, an information for the forfeiture of a ship and cargo, under the provisions of a statute, is sufficient, if *by necessary implication* a negative of an exception in the statute can be found upon the face of the information. See also *Smith* v. *United States*, 1 Gallis. 267.

The word "except" is not necessary in order to constitute an exception within the rule. The words "unless," "other than," "not being," "not having," &c. have the same legal effect, and require the same form of pleading. *Gill* v. *Scrivens*, 7 T. R. 27; *Spieres* v. *Parker*, 1 T. R. 141; *The King* v. *Palmer*, 1 Leach, (3d ed.) 120; *Wells* v. *Iggulden*, 5 Dowl. & Ryl. 19; *Commonwealth* v. *Maxwell*, 2 Pick. 139; *The State* v. *Butler*, 17 Verm. 145; 1 East P. C. 166, 167.

None of the cases in which indictments have been held bad for omission to negative exceptions in a statute, can be applied to this indictment founded on *St.* 1852, *c.* 322, § 12, which enacts that "no person shall be allowed to be a common seller of spirituous or intoxicating liquors, without being duly appointed or authorized, as aforesaid," (by §§ 2–5,) " on pain of forfeiting," &c. This is the enacting clause, which contains only one exception, namely, persons duly appointed or authorized; and that exception is negatived in this indictment. At the end of the section, in a subsequent clause, is a proviso as to the sale of cider, &c. According to the principle already stated, and according to the precedents, this proviso is matter of defence to be shown bv the defendant.

There is a middle class of cases, namely, where the exception is not, in express terms, introduced into the enacting clause, but only by reference to some subsequent or prior clause, or to some other statute. As when the words " except as hereinafter mentioned," or other words referring to matter out of the enacting clause, are used. The rule in these cases is, that all circumstances of exemption and modification, whether applying to the offence or to the person, which are incorporated by reference with the enacting clause, must be distinctly negatived. *Verba relata inesse videntur. The King v. Pratten,* 6 T. R. 559; *Vavasour* v. *Ormrod,* before cited.

It is an elementary principle of pleading, (except in dilatory pleas which are not favored,) that it is not necessary to allege matter which would come more properly from the other side; that is, it is not necessary to anticipate the adverse party's answer and forestal his defence or reply. It is only when the matter is such that the affirmation or denial of it is essential to the apparent or *primâ facie* right of the party pleading, that it must be affirmed or denied by him in the first instance.

The exceptions are overruled, and the case is to go back to the municipal court for further proceedings.