UNITED STATES v. DONLAN. See Case No. 14,978.

UNITED STATES (DONOVAN v.). See Case No. 3,994.

---

## Case No. 14,984.

UNITED STATES v. DOOLEY.

[21 Int. Rev. Rec. 115.]

Circuit Court, D. Massachusetts. Oct. 5, 1874.

INTERNAL REVENUE — BREWERS — ENTRY IN BOOKS — "FERMENTED" AND "MALT" LIQUORS.

In the act of June 6, 1872 [17 Stat. 245], the terms "malt liquor" and "fermented liquor" are used synonymously, and the brewer is expressly required to enter all malt liquors in his book. whether sold to other brewers or to the public.

[Motion in arrest of judgment.]

LOWELL, District Judge. The defendant was indicted and convicted as a brewer for neglecting to make true entry and report of the malt liquors made by him, as required by section 19 of the act of June 6, 1872 (17 Stat. 245), the indictment being framed under section 19 of the same statute, or rather under the corresponding section in the Revised Statutes, section 3340, which is copied exactly from section 19, as is also the section corresponding with section 17 (section 3337). The objection taken is that the indictment speaks only of "malt liquors," while it is said that the statute imposed a tax only on beer, lager beer, ale, porter, and other similar fermented liquors; that there may be malt liquors that are not included in this enumeration is said to be evident from section 27 (17 Stat. 249; Rev. St. § 3351), which provides that malt liquor or tun liquor in the first stages of fermentation, known as unfermented worts, may be sold by one brewer to another, and not be taxed until it has reached its last form. To this the attorney for the United States makes two answers: (1) That the statute in its various sections uses the phrases malt liquor and fermented liquor as synonymous. (2) That the brewer is expressly required to enter all malt liquor in his book, whether he sells it to other brewers or to the public.

I am inclined to agree with the prosecution on both these points. The first is understood to have been assented to by Judge Fox, who tried the cause and over-ruled a motion to quash the indictment.

Taking all the provisions of the statutes together, I think it sufficiently appears that there are no malt liquors known to the law which are not required to be entered on the brewer's books. A brewer is defined in section 3244 as a person who makes fermented liquors of any name or description, for sale, from malt, wholly or in part, or from any substitute therefor, wh'ch clearly comprehends the maker of every possible kind of malt liquors. Then, in section 3336, it mentions beer, lager beer, ale, porter and other fermented liquors, without saying similar fermented liquors. In the next section, which requires the keeping of books, it says "such fermented liquors," and afterwards, beer, lager beer, etc., "or other similar fermented liquors." The "such fermented liquors" can only refer to section 3336, which has mentioned all fermented liquors. But I do not give much importance to this. I think it may be fairly collected, as was argued, that the statute intends to include all malt liquors, though it probably does not include all fermented liquors, such as cider, for instance, and that this is the reason for the qualification which is usually annexed to the words fermented liquors.

I consider, too, that section 3351 does not say that tun liquor is known as malt liquor, but, on the contrary, that it is known as unfermented worts. If it is malt liquor, I think it should be entered on the books; but whether it is or not I do not know.

I conclude that if there be any malt liquor not required to be entered on the books, the statute does not acknowledge it, and that it would be a matter of defence, and not an objection to the indictment on its face. Motion in arrest denied.