### The People v. Albert R. Foster.

*Liquor traffic—Sale of fermented cider by druggist.*

The sale of *fermented* cider by a druggist, to be used as a beverage, is unlawful, under the provisions of Act No. 259, Laws of 1881, he not having given either of the bonds required by sections nine and thirteen of said act, and the same not being sold for mechanical, medicinal, or sacramental purposes.

Exceptions from Allegan before judgment. (Arnold, J.)
Argued January 27, 1887. Decided February 3, 1887.

Respondent was convicted of selling fermented liquor, as a
druggist, without giving either of the bonds required by Act
No. 259, Laws of 1881. Conviction affirmed, and court
advised to proceed to judgment. The facts are stated in the
opinion.

*Jacob V. Rogers,* for respondent.

*Moses Taggart,* Attorney General, for the People.

CHAMPLIN, J. Respondent was arrested on a warrant
charging him with selling and furnishing—

" To Marshall Gilland a certain quantity, to wit, two glasses,
of fermented liquor, to wit, cider, as a beverage, without
first having executed and delivered to the county treasurer of
Allegan county the bond required by section thirteen (13) of
Act No. 259 of the Public Acts of Michigan for the year
1881, or the bond required by section nine of said act; he,
the said Albert R. Foster, being then and there a person
whose business consisted in part of the sale of drugs and
medicines, and said liquors not being then and there sold for
mechanical, medicinal, or sacramental purposes."

He was convicted before the justice, and on appeal to the
circuit court he was again convicted, and has brought the
case here upon exceptions before judgment.

He claims that section 13 does not include the sale of fer-
mented cider; that the section does not make it unlawful to
sell or furnish intoxicating liquors, that is, it does not use the
word " *intoxicating,*" and insists that it is purposely omitted ;
that, if it covers " *hard* " cider, there is no reason why it
would not cover all classes of liquors that ferment, such as
mead, metheglin, and sap from the maple or birch.

We do not agree with respondent's counsel in the views
urged by him. Considering the subject-matter and general
scope and purpose of the whole act, and the evil sought to be

remedied, we have no hesitation in saying that the sale of fermented cider by a druggist, to be used as a beverage, is unlawful, as charged in the complaint and warrant in this case.

We find no error, and the circuit court is advised to proceed to judgment.

The other Justices concurred.