STATE OF MISSOURI, Respondent, v. D. S. WATTS, Appellant.

St. Louis Court of Appeals, April 28, 1903.

**Intoxicating Liquor:** ILLEGAL SALE: INDICTMENT, SUFFICIENCY. The indictment alleged that defendant sold "certain spirituous liquors, to-wit, one pint of beer," and the proof showed that he sold one bottle of common beer. Revised Statutes 1899, section 3016, defines intoxicating liquors to mean "fermented, vinous or spirituous liquors or any composition of which fermented, vinous or spirituous liquors is a part." The defense contended that "common beer" which the proof showed was sold, was not spirituous liquor and did not support the indictment. *Held,* that while it is the better practice to describe in the indictment the liquor sold, as intoxicating liquor, yet such description is not indispensable and the indictment, notwithstanding, is sufficient.

Appeal from Greene Criminal Court.—*Hon. J. J. Gideon,* Judge.

AFFIRMED.

*W. G. & J. W. Robertson* for appellant.

(1) The indictment charges a sale of spirituous liquor, and then attempts to set out the kind of spirituous liquor sold by alleging one pint of beer, which being inconsistent with and repugnant to the former averment of the offense charged, should be stricken out. State v. Flint, 62 Mo. 393. (2) The court erred in overruling the demurrer to the evidence, as courts take judicial notice of the fact that beer is a malt liquor. State v. Effenger, 44 Mo. App. 81.

BLAND, P. J.—The indictment (omitting caption) is as follows:

"The grand jurors of the State of Missouri, impaneled, sworn and charged to inquire within and for the body of Greene county, upon their oath present and charge that D. S. Watts, late of the county and State aforesaid, on the twenty-eighth of November, 1901, at the county of Greene and State of Missouri, being then and there a druggist and the proprietor of a drugstore in the town of Ash Grove, in said county and State, did then and there unlawfully sell certain spirituous liquors, to-wit, one pint of beer, to one George Likens, without first having appeared before the county court clerk of said county and taking and subscribing an oath not to mix or adulterate with any substance whatever the liquor by him offered for sale, and without and before giving bond in the sum of five hundred dollars with good and sufficient security, as required by law, for the payment of all costs arising from prosecutions for violations of the provisions of chapter 15, article 8, of the Revised Statutes of Missouri of 1899, in relation to adulteration and sale of intoxicating liquor contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the State."

Proof was made by the State that defendant had a merchant's license and that he was the proprietor of

a drugstore and kept a stock of drugs and medicines on hand for sale at his place of business in Greene county, Missouri; that within one year next before the filing of the indictment, he sold to George Likens one bottle of common beer; that he had not taken the oath or filed the bond required by the statute, not to adulterate the liquors in which he dealt. On this evidence the defendant moved the court to grant a peremptory instruction to find for him. The court refused to grant this instruction.

Defendant offered no evidence and the jury found him guilty and assessed his punishment at a fine of $100.

Motions for new trial and in arrest were filed, which were by the court overruled, and defendant appealed.

The indictment alleged that defendant sold "certain spirituous liquors, to-wit, one pint of beer." The proof is that he sold one bottle of common beer. Appellant contends that the phrase, to-wit, "one pint of beer," should be stricken out of the indictment, for the reason that it is not a spirituous liquor and is inconsistent with the preceding allegation that defendant sold spirituous liquors, and that if this phrase be eliminated from the indictment, then the proof does not correspond to the allegations of the indictment in respect to the kind of liquor sold, and the peremptory instruction should have been given. The word "beer," as used in the indictment, means beer in the common acceptance, to-wit, a fermented liquor. The State v. Houts, 36 Mo. App. 265; The State v. Effinger, 44 Mo. App. 81.

Our statute, regulating the sale of intoxicating liquors, defines intoxicating liquors to mean "fermented, vinous or spirituous liquors, or any composition of which fermented, vinous or spiritous liquors is a part" (section 3016, R. S. 1899). The inhibition in respect to the sale of liquors is directed against all intoxicating liquors, and it is the better practice to describe in the indictment the liquor sold as intoxicating liquor, but it is not indispensable that it be so described; if the arti-

cle sold is specifically named, as beer, wine, whiskey or
other distilled liquor, the indictment would be suffi-
cient.

The article sold is specifically named in the indict-
ment in this case.   The defendant was specifically noti-
fied that he was charged with having illegally sold one
pint of beer, and the State was bound to prove a sale
of beer to secure a conviction.   That the indictment de-
scribed the beer as a spirituous liquor did not make it
so nor require the State to prove that it was a spiritu-
ous liquor.   All that the State was required to prove
was that defendant illegally sold beer to George Likens.
The misdescription of the beer, or rather the erroneous
classification of it as a distilled spirit when it was judi-
cially known to the court to be a fermented one, was
not prejudicial to the defendant.   The indictment would
have been good had this description been omitted and
the indictment simply charged a sale of one pint of beer.
The description of the beer as a distilled spirit may,
therefore, be treated as surplusage.

The judgment is affirmed.   *Reyburn,* and *Goode,*
*JJ.,* concur.