## AUGUSTUS HILL *v.* STATE OF MARYLAND
[No. 41, January Term, 1938.]

138

*Decided March 10th, 1938.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*James H. Broumel,* with whom was *John S. Young* on the brief, for the appellant.

*Herbert R. O'Conor, Attorney General, Hilary W. Gans, Deputy Attorney General,* and *D. Paul McNabb, State's Attorney for Harford County,* submitting on brief, for the State.

OFFUTT, J., delivered the opinion of the Court.

The grand jury for Harford County indicted Augustus Hill in manner and form following:

"The Jurors of the State of Maryland, for the body of Harford County, do on their oath present that Augustus Hill, late of Harford County aforesaid, on the fourth day of May, in the year of our Lord nineteen hundred and thirty-seven, at the County aforesaid, unlawfully did sell certain brewed alcoholic liquor to a certain Howard Minnick, he, the said Augustus Hill, then and there not having a license permitting such sale; contrary to the form of the Act of Assembly in such case made and provided; and against the peace, government and dignity of the State.

"Second Count. And the Jurors aforesaid, upon their oath aforesaid, do further present that the said Augustus Hill, on the said day, in the said year, at the County aforesaid, unlawfully did sell a certain fermented alcoholic liquor to a certain Howard Minnick, he, the said Augustus Hill, then and there not having a license permitting such sale; contrary to the form of the Act of Assembly in such case made and provided; and against the peace, government and dignity of the State.

"Third Count. And the Jurors aforesaid, upon their oath aforesaid, do further present that the said Augustus Hill, on the said day, in the said year, at the County aforesaid, unlawfully did sell certain distilled alcoholic liquor to a certain Howard Minnick; he, the said Augustus Hill, then and there not having a license permitting such sale; contrary to the form of the Act of Assembly in such case made and provided; and against the peace, government and dignity of the State."

The traverser thereupon filed the following demand for the particulars of the indictment:

"1. Whether the indictment intends to charge a violation of local laws of Harford County as enacted at the 1937 session of the Legislature or whether it intends to charge a violation of the general laws of Maryland as enacted by the extraordinary session of the Legislature of 1933.

"2. What content of alcohol, the beverage, referred to in the indictment, contains.

"3. That there are three counts in the indictment, and upon which count the State elects to try."

This colloquy then occurred:

"Before the jury was sworn the defense renewed their demand for a Bill of Particulars and the State's Attorney stated that he was trying this case under the Act of 1937, otherwise known as the Harford County Beer Law, and that he elects to try this case upon the Third Count.

"(Mr. Broumel) 'We now make a demand upon the State's Attorney to disclose the contents of the liquor he expects to prove was sold, the alcohol content.'

"(The Court) 'The demand will be overruled.'"

To that ruling an exception was noted, and the defendant then demurred short to the whole indictment. The demurrer was overruled, the defendant was tried and convicted, and upon his conviction he filed a motion in arrest of judgment, which was overruled. He was then sentenced, and from that judgment he took this appeal.

The first question presented is whether the indictment was good, or, stated more narrowly, whether any count of it was good, for since the demurrer went to the whole indictment and not severally to the counts thereof, if any count was good the demurrer was properly overruled. *Avirett v. State*, 76 Md. 510, 527, 25 A. 676, 987; *Wheeler v. State*, 42 Md. 563.

Prior to the repeal of the National Prohibition Act, 27 U. S. Code. Ann. sec. 1 *et seq.*, the Public Local Laws of Harford County, sec. 414, contained this provision,

Code Pub. Loc. Laws, art. 13: "It shall not be lawful for any person, or any house, company or association, or body corporate, to sell, directly or indirectly, or to solicit or receive orders for the purchase of, at any place within the limits of Harford County, or to give away, or dispose of under any device whatsoever, at his or their place of business, within the limits of said county, any spirituous or fermented liquors or alcoholic bitters, or intoxicating drinks of any kind, or tonic beer, lager beer, schnapps or gin, or any article used and sold as a beverage, in the composition of which whiskey, brandy, high wines or alcohol, or any spirituous or fermented liquors shall be an ingredient or ingredients, nor shall any license be granted for the sale of the same in said county." Code Pub. Loc. Laws, art. 13, sec. 414, p. 2998. Chapter 393 of the Acts of 1933 authorized the issuance of licenses for the sale of beer and wine containing one-half per cent. of alcohol by volume and not more than 3.2 by weight in that county, and repealed section 414 to the extent of any inconsistency. That act was amended by chapter 22 of the Acts of 1933, Sp. Sess., chapter 234 of the Acts of 1935, and Chapter 272 of the Acts of 1937. The last act authorized the county commissioners of Harford County to issue licenses for the sale of "beverages" in that county, and it defined "beverages," section 421 A, in these words: "The term 'beverages,' as used in this Act, shall include beer, lager beer, ale, porter and other brewed beverages, containing not more than six per centum of alcohol by volume, and wine and other fermented beverages, containing not more than fourteen per centum of alcohol by volume."

Chapter 2 of the Acts of 1933, Sp. Sess., is a public general law, the purpose of which is to regulate the sale of alcoholic beverages in those parts of the state to which its provisions apply. It provides that "no person shall at any time manufacture, blend, rectify, bottle, import or sell, or suffer to be manufactured, blended, rectified, bottled, imported or sold, or keep or suffer to be kept on his premises, in his possession or under his charge

or control for the purpose of sale and delivery within this State, any alcoholic beverage without a license as hereinafter provided." Section 2. It then provides for the issuance of manufacturer's licenses, wholesaler's licenses, six classes of beer licenses, six classes of beer and light wine licenses, and six classes of beer, wine, and liquor licenses. Under the provisions of the act none of those licensing provisions are applicable to Harford County, except those authorizing the issuance of a wholesaler's license and a manufacturer's license, and for the sale of alcoholic beverages on railway trains and steamboats. The Local Act of 1937 and the General Act of 1933, Sp. Sess., in so far as they are inconsistent with Code Pub. Loc. Laws, art. 13, sec. 414, operated to repeal that statute to the extent of the inconsistency, and no farther. *Thomas v. State,* 170 Md. 197 A. 296. There are therefore in force in Harford County three statutes relating to the sale of intoxicating beverages in that county: One, Code Pub. Loc. Laws, art. 13, sec. 414, which prohibits the sale of such beverages in that county except as permitted by chapter 272 of the Acts of 1937 and chapter 2 of the Acts of 1933, Sp. Sess.; two, chapter 272 of the Acts of 1937, which permits the sale of certain brewed beverages containing not more than six per cent. of alcohol by volume, and certain fermented beverages containing not more than fourteen per cent. of alcohol by volume by persons licensed to make such sales under the terms of that statute, but forbids the sale of such beverages in that county by persons not holding such a license; and three, chapter 2, Acts 1933, Sp. Sess., which permits the sale or manufacture of alcoholic beverages in that county by one licensed under its terms. Section 2. That act also provides that "alcoholic beverages" shall be construed to include "alcohol, brandy, whiskey, rum, gin, beer, ale, porter, stout, wine, and cider, and in addition thereto, any spirituous, vinous, malt or fermented liquor, liquids and compounds of whatever name called, containing one-half of one per centum or more of alcohol by volume, which are fit for beverage purposes, pro-

vided that the foregoing definition shall not extend to wine and cider when manufactured for home consumption and which are not sold by the maker or manufacturer, nor to alcohol used exclusively for the manufacture of medicinal, antiseptic or toilet preparations, flavoring extracts and other preparations unfit for beverage purposes." Section 1. Chapter 272 of the Acts of 1937 is a regulatory law. It permits the sale in Harford County of certain definitely described liquors by one licensed under its provisions to make such sales, and it forbids the sale of the particular liquors thus described by any person not holding such a license. It has no application to anything else, and it does not forbid the sale of liquor of a different kind, or a greater alcoholic content than that described in that act. An indictment drawn for a sale of liquor in violation of its provisions should therefore allege the sale of a brewed or of a fermented beverage having no greater alcoholic content than that specified in the act, by an unlicensed person. But the first and second counts of the indictment do not allege the sale of a "beverage" at all, but merely the sale of "brewed alcoholic liquor" which may or may not have been potable, and which may or may not have had an alcoholic content greater than that defined in the statute. Those counts of the indictment did not therefore charge any violation of chapter 272 of the Acts of 1937. They did, however, charge a violation of Code Pub. Loc. Laws, art. 13, sec. 414, which prohibited the sale of "any spiritous or fermented liquors" in Harford County, for "fermented liquor" naturally and properly includes "brewed liquor" as those terms are ordinarily understood. *United States v. Dooley*, 25 Fed. Cas. 890, 891, No. 14,984; *People v. Foster*, 64 Mich. 715, 31 N. W. 596; *State v. Watts*, 101 Mo. App. 658, 74 S. W. 377; *State v. Gill*, 89 Minn. 502, 95 N. W. 449. For while brewed and fermented liquors of a certain alcoholic content might, under chapter 272, Acts 1937, be lawfully sold in that county by one duly licensed, the fact that the defendant was licensed to make the sale charged, if it was a fact, was

defensive, and need not have been negatived in the indictment. *Kiefer v. State,* 87 Md. 562, 566, 40 A. 377; *Howes v. State,* 141 Md. 532, 547, 119 A. 297; *Woolen & Thornton on Intox. Liquor,* 880; *Joyce on Indictments,* sec. 319; *Wharton Cr. Proc.,* sec. 288; *Comm. v. Hart,* 65 Mass. 130. 11 Cush. (Mass.) 130. For the reasons given it is apparent that the third count of the indictment, which alleges the sale of "distilled alcoholic liquor," does not charge any violation of any provision of chapter 272 of the Acts of 1937, which has no application to the sale of distilled alcoholic liquor, and so much the State concedes.

The State, however, contends that it charges a violation of section 2 of chapter 2 of the Acts of 1933, Sp. Sess. That act provides that "no person shall * * * sell * * * any alcoholic beverage without a license as hereinafter provided." The only licenses issuable under that act for the sale of alcoholic beverages in Harford County are manufacturer's licenses, wholesaler's licenses, and licenses for the sale of such liquor on steamboats and railroad trains. When that act was passed, chapter 393 of the Acts of 1933, authorizing the county commissioners of Harford County to issue licenses for the sale of beer in that county, was already in force, and the Legislature subsequently, at three different sessions, amended that act. So that, while no licenses for the sale of beer in Harford County may be issued under the general law, such licenses may be issued under the local law, but no license for the sale of distilled alcoholic beverages in that county may be issued under any law, local or general. But chapter 2, Acts 1933, Sp. Sess., has been held to be prohibitory as well as regulatory (*Hayes v. State,* 171 Md. 94, 188 A. 24, 25), for, as said by Judge Sloan for this court in that case: "And we said in the *Green* case [170 Md. 134, 183 A. 526] *supra,* that the present license law, article 2B, is 'not a mere regulatory provision, but is prohibitory as well.' It was the legislative intent that only such licenses should be issued as were authorized, and that no alcoholic beverages should be sold anywhere except such as were authorized, and then only by persons

who could and did procure licenses so to do, and in our opinion the Acts of 1933, Extra Sess., ch. 2, is incapable of any other construction. It is inconceivable that the Legislature intended, as the defendant contends, that as beer only could be licensed and sold in Dorchester County, the sale of all other alcoholic beverages would be thereby legalized in the county." The prohibition is that no person shall sell any "alcoholic beverage" without a license issued under the terms of that act, and the fact that no license could be secured for the sale of a distilled alcoholic beverage in that county does not prevent the sale of such liquor therein from violating that prohibition, if the prohibition applies to Harford County. The indictment in this case charges the sale of "distilled" alcoholic liquor, while the statute forbids the sale of "any alcoholic beverage," but as both terms mean the same thing, the allegation of the indictment is sufficient to bring the charge within the terms of the statute, and it sufficiently stated a violation of the general law, if the prohibitory provisions of that law are applicable to Harford County. It is said in *Bishop on Statutory Crimes,* sec. 112b: "Ordinarily, if there are a general statute and one local or special, on the same subject, in conflicting terms, neither abrogates the other, but both stand together; the latter furnishing the rule for the particular locality or case, the former for the unexcepted places and instances. And it is immaterial which is the later in date. But where from anything cognizable by the judges they are satisfied that the general law was meant by the legislature to supersede the local or special, they will give it such effect." Whether the general law operates concurrently with the local law, repeals, abrogates, or suspends it depends upon the legislative intent. *Ibid.* See, also, sections 112a, 126, 156, 127; *Ulman v. State,* 137 Md. 642, 113 A. 124; *Molinari v. State,* 141 Md. 565, 119 A. 291; *Weisongoff v. State,* 143 Md. 638, 123 A. 107; *Id.,* 263 U. S. 685, 44 S. Ct. 179, 68 L. Ed. 506; *Hayes v. State, supra;* 59 *C. J.* 912, 913; 33 *C. J.* 576. An examination of the different local and general laws referred to above

precludes any reasonable inference that the Legislature intended that the prohibitory section, section 2, chapter 2, Acts 1933, Sp. Sess., should apply to Harford County. That section makes it a crime for any person to sell any alcoholic beverage "without a license as hereinafter provided." But at the time that act was passed, while under its terms no license for the sale of beer or wine in Harford County could be issued, such a license might lawfully have been issued by the County Commissioners of Harford County under the local laws of that county. Clearly the Legislature did not mean to make sales under a license issued by the County Commissioners of Harford County a crime, nor did it intend to repeal the local law authorizing the issuance of such licenses, for later at three different sessions it amended that very law. That situation differs radically from the case presented in *Hayes v. State, supra,* where licenses for the sale of beer could only be issued under the provisions of chapter 2, Acts of 1933, Sp. Sess. It must therefore have been intended that section 2 of that act should not apply to Harford County, and an indictment for the sale of an intoxicating beverage in that county, not authorized by chapter 272 of the Acts of 1937, must rest on the prohibition found in Code Pub. Loc. Laws, art. 13, sec. 414, which makes it unlawful to sell in that county any "spirituous or fermented liquors." The third count of the indictment charges the sale of "distilled alcoholic liquor," which in substance is included in the phrase "spirituous or fermented liquor" and falls within the prohibition of the statute. The demurrer was therefore properly overruled.

The allegation that the sale was made without a license permitting it was mere surplusage and did not prevent the indictment from sufficiently charging a violation of section 414, Code Pub. Loc. Laws, art. 13.

The next point raised by the appeal is whether the appellant was entitled to be informed of the particulars of the indictment. The indictment did not specifically describe the kind of liquor sold; it merely charged in

one count that defendant sold "brewed alcoholic liquor," in another "fermented alcoholic liquor," and in the third "distilled alcoholic liquor." The Code, art. 27, sec. 561, expressly provides that in such an indictment it shall not be necessary to specify the variety of liquor sold, but it further provides that the defendant may upon application obtain a statement of the "particular variety of liquor expected to be proved." The demand filed by the defendant did not request a statement as to the particular kind or variety of liquor expected to be proved, and hence was not within the terms of the statute. It did ask that the defendant be informed (1) whether the indictment charged a violation of the local law or the general law; (2) what content of alcohol the "beverage, referred to in the indictment, contains"; and (3) "upon which count of the indictment the state elects to try." The state's attorney announced that he was trying the case on the "Harford County Beer Law," and upon the third count of the indictment. The indictment made no reference to the sale of any "beverage," but did in each of three counts charge the sale of a different kind of alcoholic liquor, which may or may not have been a beverage. When the demand referred, therefore, to the "beverage referred to in the indictment," the demand was defective because, assuming that by "beverage" it meant "alcoholic liquor," it did not point out the count to which the inquiry was directed. But conceding that the demand was inartificial and vague, it should nevertheless have been allowed, because the statute, dispensing with the necessity of specifying the particular variety of liquor sold, was in derogation of the defendant's common law right to be informed of the charge against him, and the substitute for the right, the privilege of securing from the state's attorney a statement of the particular variety of liquor expected to be proved, should be liberally construed in his favor. And if the State had elected to go to trial on one of the first two counts, the refusal of the demand might well have injured him. But as the State abandoned those counts and elected to try the

defendant on the third count, which charged a sale of "distilled alcoholic liquor," he could not have been injured, because there could be no lawful sale of distilled liquor of any alcoholic content in that county.

The motion in arrest of judgment was not argued in this court and may not therefore be considered. Rules Court of Appeals, No. 39, sec. 4.

The only other point submitted arises from the rulings of the trial court overruling objections to proof of sales of whiskey by the defendant on other occasions. The second and third exceptions relate to the testimony of one Minnick, who said that he had seen different persons buy whiskey from Hill at his home within a year before the indictment. Since that evidence tended to show that Hill used his home as a place to carry on the business of selling whisky, it was admissible under the rule thus stated in *Curry v. State,* 117 Md. 587, 593, 83 A. 1030, 1032:

"The reasons for the exclusion of evidence of other crimes are thus stated in *Commonwealth v. Jackson,* 132 Mass. 16: 'Such evidence compels the defendant to meet charges of which the indictment gives him no information, confuses him in his defense, raises a variety of issues, and thus diverts the attention of the jury from the one immediately before it, and by showing the defendant to have been a knave on other occasions, creates a prejudice which may cause injustice to be done.' But this rule is subject to an exception as firmly established as the rule itself, and under which it is allowable to prove similar and distinct offenses when knowledge or intent, or motive becomes material, and 'when the proof shows such a connection between the different transactions as raises a fair inference of a common motive in each.' * * *

"In *Guy v. State,* 96 Md. 692, 54 A. 879, this court approved an instruction to the jury given by Judge Waters in which he stated that the fact that the traverser, who was indicted under this identical law, held a government license for the sale of spirituous or fer-

mented liquors in Bel Air, was *prima facie* evidence that he was engaged in the business of selling spirituous liquors in Bel Air, and certainly the evidence excepted to tends to show that this appellant had converted her home into a 'place of business' for the sale of spirituous liquors."

See, also, *Woolen & Thornton,* Intox. Liq. sec. 931; 15 *R. C. L.* 397.

The last exception relates to the admission in evidence of a statement by one Regal G. Anderson that in the "last year" he had bought whiskey from Hill and paid him for it. Before he gave that testimony the witness had been permitted to testify without objection that he had "bought liquor from him on numerous occasions." It did not appear where the sales referred to in the question to which defendant objected were made, and its relevancy is not free from doubt, but it did tend to show a system or plan on the part of the defendant to engage in the liquor business. But even if it was improperly admitted, in view of the testimony, in without objection, that the witness "had bought liquor from him on numerous occasions," the error was not injurious.

The objection that evidence of other sales, before the enactment of chapter 272 of the Acts of 1937, was inadmissible, is untenable because the indictment was not under that act but under Code Pub. Loc. Laws, art. 13, sec. 414.

Finding no reversible errors in the rulings of the trial court, the judgment appealed from will be affirmed.

*Judgment affirmed, with costs.*