## JOHN O. HOOVER *vs.* STATE OF MARYLAND.

*Sabbath-breaking—Indictment under the Act of 1866, ch. 66—*
*Good indictment.*

An indictment under the Act of 1866, ch. 66, charged the traverser with unlawfully selling a quantity of spirituous liquor, not less than a pint, to a particular person named, on the 4th day of July, 1879, "the same day in the year aforesaid, being the Sabbath day, commonly called Sunday." It was objected by the traverser that the indictment was fatally defective, because of the averment, that the 4th day of July of the year, 1879, on which the sale of the liquor was alleged to have been made, was *Sunday*, whereas in fact, as the Court was judicially bound to know, the 4th day of July of that year was *Friday.* HELD:

That the gist of the offence being the sale of the forbidden article on *Sunday*, the day of the week, rather than the day of the month, was the material averment in respect to time; and the indictment charging the offence to have been committed on *Sunday*, though the day of the month it named, did not fall on *Sunday*, was sufficient.

Where the offence consists in doing a thing on *Sunday*, the indictment will be good if it charge the unlawful act to have been done on *Sunday*, though the day of the month given in it falls on some other day of the week.

Hoover *vs.* State.

APPEAL as upon a Writ of Error, from the Circuit Court for Washington County.

The case is stated in the opinion of the Court.

The cause was submitted to BARTOL, C. J., GRASON, ALVEY, IRVING and MAGRUDER, J.

No appearance for the plaintiff in error.

*Charles J. M. Gwinn, Attorney-General*, for the defendant in error.

ALVEY, J., delivered the opinion of the Court.

The traverser in this case was indicted for unlawfully selling a quantity of spirituous liquor, not less than a pint, to a particular person named, and the offence is charged to have been committed on the 4th day of July, 1879, "the same day, in the year aforesaid, being the Sabbath day, commonly called Sunday." There are three counts in the indictment, and in each of them the offence is charged in very much the same terms. There was a demurrer to the indictment, and that was overruled; after which the party was tried upon plea of not guilty, and was convicted and fined. He now brings the case here upon errors assigned in overruling the demurrer to the indictment.

As we gather from the errors assigned by the traverser, the supposed error of the Court below, in overruling the demurrer, consisted in holding that the indictment was not fatally defective, because of the averment that the 4th day of July of the year 1879, on which the sale of the liquor is alleged to have been made. was Sunday, whereas in fact, as the Court was judicially bound to know, the 4th day of July of that year was Friday.

It is certainly the duty of the Court to notice the days of the week on which particular days of the month fall.

*Hoyle vs. Cornwallis,* 1 *Strange,* 387 ; *Kilgour vs. Miles,* 6 *G. & J.,* 268. But the indictment in this case was found under the Code, Art. 30, sec. 179, as enacted by the Act of 1866, ch. 66; and by that statute, the gist of the offence is the sale of the forbidden article on Sunday. The day of the week, therefore, was the material averment in respect to time, rather than the day of the month. And in such case, if the indictment charge the offence to have been committed on Sunday, as has been done here, though it names the day of the month which did not fall on Sunday, it has been held to be sufficient. *McGowan vs. Com.,* 2 *Metc. (Ky.,)* 3 ; *State vs. Drake,* 64 *N. C.,* 589 ; *Com. vs. Harrison,* 11 *Gray,* 308.

In 1 *Bishop Crim. Proc.,* (*3rd Ed.,*) *sec.* 399, it is stated as the result of the authorities cited by the author, that "if an offence consists in doing a thing on Sunday, the indictment, in addition to the day of the month and year, must aver it was Sunday, and not merely mention a day found to be Sunday by the calendar. If the day of the week is thus properly set out, the indictment will be good though the day of the month given in it falls on some other day of the week." And *Wharton,* in his volume on *Criminal Pleading and Practice,* (*8th Ed.,*) *sec.* 121, states the law in the same way, and as well established upon authority.

The indictment in this case is certainly very informally and inartificially drawn ; but we think the offence is sufficiently charged, and that there was no error in overruling the demurrer. The judgment must, therefore, be affirmed.

*Judgment affirmed.*

(Decided 30th June, 1881.)