## GEORGE GUY *vs.* THE STATE OF MARYLAND.

*Witness—Cross-Examination of Accused who Testified on His Own Behalf—Illegal Sale of Liquor—Evidence.*

The rule that a witness cannot be compelled to answer a question when the answer will have a tendency to expose him to a penal liability, and he personally claims this privilege, does not apply to a case where the accused in a criminal prosecution voluntarily testifies on his own behalf, but in such case he waives the privilege.

When in a criminal case the accused becomes a witness in his own behalf he may be cross-examined concerning any matter pertaining to the issue, regardless of the extent of the direct examination.

Defendant was indicted for selling liquor in violation of a local option law. He testified in his own behalf that he did not make the sale

which the evidence on the part of the prosecution tended to show had been made. On cross-examination he was asked if he had a United States Internal Revenue License to sell liquor in that county. He was required, against his objection, to answer this question, and testified that he did not have such license. The prosecution then proved in rebuttal by a clerk in the Internal Revenue Office that the defendant did have such a license. *Held,*

1st. That the question asked the defendant on cross-examination was proper and he could claim no privilege of exemption from answering it.

2nd. That the evidence offered by the State in rebuttal was material to the issue and admissible.

Appeal from the Circuit Court for Harford County (WATTERS, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and BOND, JJ.

*John S. Young* and *J. J. Archer*, for the appellant.

The Court allowed the State to ask and compelled the traverser, who testified in his own behalf, to answer the question " whether or not he had a Goverment or Internal Revenue license to sell spirituous or fermented liquors in Harford County." This was error. 1st. Because it might criminate him. 1 *Burr's Trials*, 244 ; 1 *Greenleaf on Evidence*, section 451 ; *Chesapeake Club* v. *State*, 63 Md. 446. 2nd. Because it was collateral matter upon which he could not be contradicted. 3rd. Because it was not cross-examination of anything upon which he was examined in chief.

Afterwards, and in rebuttal, the Court allowed the State to ask a witness *who had been a clerk* in the Internal Revenue office for the State of Maryland, if the traverser had, in March, 1899, an Internal Revenue license to sell spirituous and fermented liquors in Harford County. The Court erred in overruling the objection of the traverser to the asking and answering of this question. 1st. Because the witness does not come within the qualifications prescribed by section 232 of Article 13 of Public Local Laws, title, " Harford County, etc." 2nd. Had it been competent for

the State to offer evidence of Government license under the·
Act, which we do not admit, it cannot be successfully con-
tended that it can do it in rebuttal.    If it was evidence at
all, it was in chief, as part of the State's case.

3rd.  The Act (section 232), makes Government license
*prima facie* evidence that the party is engaged in the sale
of intoxicating liquors within the limits of Harford County.
It is lawful to sell intoxicating liquors in part of Harford
County.    Irrelevant and damaging testimony in rebuttal
must not be permitted to be introduced under color of meet-
ing the defendant's proof.    *Coleman* v. *P.*, 55 N. Y. 81.

The testimony mentioned in the exceptions was improp-
erly admitted.    It was in violation of Article 22 of the
Declaration of Rights of the State of Maryland, that no
man ought to be compelled to give evidence against himself
in a criminal case.

*George R. Gaither, Jr., Attorney-General,* and *George L.
Van Bibber* (with whom was *Walter W. Preston* on the
brief), for the appellee.

FOWLER, J., delivered the opinion of the Court.

The defendant was indicted for unlawfully selling intoxi-
cating liquors contrary to the Local Option Law of Harford
County.    He was tried before a jury, found guilty and
sentenced to fine and imprisonment.

The State offered testimony by a competent witness
tending to prove that during the month of March—some
three or four months before the trial—the witness pur-
chased whiskey from the defendant.  The State then rested.
In order to meet the case thus made, the defendant went
upon the stand, of his own motion, and testified in his own
behalf, to the effect that he did not sell any whiskey as tes-
tified to by the prosecuting witness.    Upon cross-examina-
tion by the State, the defendant was asked if he had a
United States Government or Internal Revenue license to
sell spirituous or fermented liquors in Harford County.  To

the asking of this question, the defendant objected, on the ground that the answer might criminate him, but his objection was overruled by the Court, and the question was allowed to be asked and the defendant was required to answer it. His answer was that he had not such a license for the sale of either spirituous or fermented liquors in Harford County. This ruling of the Court forms the first exception.

During the further progress of the trial, the State called a witness in rebuttal, who testified that he had been a clerk in the Internal Revenue office for this State until the fall of 1898, and that the defendant had, at the time inquired of, an Internal Revenue license for the purpose above mentioned. The objection of the defendant to this question was overruled, and the witness was permitted to answer that the defendant had such a license to sell spirituous liquors in Harford County for one year, expiring on the 1st July, 1899. This ruling constitutes the second exception.

The defendant has appealed. We will briefly consider these two exceptions in the order in which they appear in the record. 1. That a witness cannot be compelled to answer a question, the answer to which it reasonably appears " will have a tendency to expose him to a penal liability or to any kind of punishment or to a criminal charge" has long been settled. It is also equally well settled that this " is a personal privilege of the witness and must be claimed by him upon oath, and that, therefore, neither the party to the cause nor the counsel engaged will be permitted to make the objection." 1 *Greenleaf*, sec. 451. But while this general rule would undoubtedly control and is recognized by our Courts in the case of a witness who is summoned and compelled to testify, 2 *Poe's Pl. & Prac.* 278, we do not think it should be allowed to prevail when in a criminal case the accused voluntarily testifies in his own behalf. To apply the general rule to a case like the one before us, seems to us not only contrary to reason, but against the weight of authority as well. In Maryland, as in other

States, the person charged with a crime may, by statute, at
his own request, but not otherwise, be deemed a competent
witness.   And it would seem but right that if a person so
charged voluntarily becomes a witness in his own behalf,
he should be held to have waived the privilege and protec-
tion which would otherwise have been afforded him, by
section 22 of the Bill of Rights—and by the Fifth Amend-
mend of the Constitution of the United States.   If he may
tell the jury just so much as may make in his favor, and
keep back all that may make against him on the ground
that the facts so withheld may incriminate him, the statute
which was passed to aid in ascertaining the truth, would
undoubtedly be used most successfully by criminals to con-
ceal it, and thus enable them to deceive the jury and the
Court, and to escape punishment.

In 8 *Encyl. of Plead. & Prac.* 147, it is said that "as a
general rule when the accused takes the stand in his own
behalf, he changes his *status* from that of defendant to that
of witness, and is subject to cross-examination as other
witnesses.   Consequently, he waives his privilege of re-
fusing to give evidence against himself as to all matters
within the scope of proper cross-examination."   This rule
prevails in many of the States.   It was said in *Roddy* v.
*Finnegan*, 43 Md. 502, a civil case growing out of an
alleged criminal act of one of the parties, although the
question of privilege was not there presented, that where
one is both party and witness for himself, he must be held
on cross-examination as waiving the privilege, as to any
matter about which he has given testimony-in-chief.   Hav-
ing testified, said the Court to a part of the transaction in
which he was concerned, he is bound to state the whole.
But in Massachusetts, New York, Illinois and Connecticut,
the broader, and we think the better rule has been adopted ;
namely, that when the accused voluntarily becomes a wit-
ness in his own behalf " he may be cross-examined concern-
ing any matter pertinent to the issue on trial, regardless of
the extent of the direct examination."   The object of

statutes like ours, permitting the accused to testify in his own behalf, it is said in the case of *Commonwealth* v. *Nichols,* 114 Mass. 287, " is not to protect or assist criminals, but to promote the discovery of the truth, so far as can be done without infringing the constitutional rights of the witness   *   *   *.   But if he puts himself on the stand as a witness in his own behalf, and testifies that he did not commit the crime imputed to him, he thereby waives his constitutional privilege and renders himself liable to be cross-examined upon *all facts relevant and material to that issue, and cannot refuse to testify to any facts which would be competent evidence in the case if proved by any other witness.*" And to the same effect are the cases in New York. · In the case of *The People* v. *Tice,* 131 N. Y. 651 (1892), annotated in 15 L. R. A. 669, it is said " that if the constitutional protection can be interposed at any point in the examination, there could be no logical reason why it might not be invoked to protect the accused against answering questions affecting his credibility, and also to prevent an examination as to relevant facts, or indeed as to any fact, whether pertaining to his testimony-in-chief or not. " This broad view of the scope of the constitutional protection seems, said the Court, " to be the one entertained by Judge Cooley (*Const. Lim.,* 6th ed., pg. 384), but it is not in harmony with the decisions in this State and does not seem to us to be sound in principle. " This statute (continues the Court), "permits the accused to be a witness. This must mean, a witness generally in the cause, and not that he may be a witness as to such matters only as to which he may choose to testify." See also *Spies* v. *People,* 122 Ill. 255, and *State* v. *Griswold,* 67 Conn. 290; *Clark* v. *Jones,* 87 Ala. 71, which also criticizes and disapproves of Judge Cooley's view. We refer, without citing them to a very full collection of authorities in note 5, pages 147 and 148, and note 1, pages 151 and 152, 8 *Encyl. Pl. & Prac.,* which latter fully sustain the rule laid down in the text which we have already quoted; viz., that the accused may be cross-examined concerning

any *matter pertinent to the issue on trial, regardless of the extent of the direct examination.*

That the evidence sought to be elicited from the defendant by the question objected to, was pertinent, is perfectly clear. The Act under which the defendant was indicted—the so-called Local Option Law of Harford County—section 232 of Art. 13, Code of Public Local Laws—expressly provides that it shall be lawful for the State to prove in prosecutions for the violation of that law, that the defendant has paid a special tax to the United States Government under the internal revenue laws for a license to sell liquors in Harford County, and that the payment of said license tax and the application for registry of his business as a retail dealer in liquors "shall be *prima facie* evidence that the party so paying and applying is engaged in the sale of intoxicating liquors within the limits of Harford County." But independent of the statute just quoted, it is said, that in prosecutions like this, "the fact that the defendant has paid a special tax as a retail liquor dealer, under the laws of the United States, is admissible in evidence, for the purpose of showing what his business is, or that he keeps liquor for sale, or generally, the question of intent." *Black on Intoxicating Liquors,* sec. 509. It follows, therefore, that the question objected to was proper on the cross-examination of defendant, and that no error was committed in requiring him to answer it.

2. What we have already said disposes of the second exception, which was taken to the ruling of the Court admitting the testimony of the witness, Fred. W. Baker, who contradicted the defendant and testified that the defendant had in March, 1899, an Internal Revenue license to sell liquor in Harford County for one year, expiring 1st July, 1899. The evidence thus offered, directly contradicted the statement of the defendant upon a material issue, and was therefore clearly admissible. No objection was made at the trial to the competency of the witness, and no such question can now be considered.

Finding no error in the rulings of the Court, the judgment appealed from will be affirmed.

*Judgment affirmed.*

(Decided November 23rd, 1899).