## ELLA CURRY *vs.* STATE OF MARYLAND.

*Criminal law: indictment; several counts; different offences; election by State; different dates; limitations. Statutory offences: sufficiency of indictment. Liquor Laws: Harford county; sec. 228, Public Local Laws. Evidence: other similar offences; sales of liquor to other parties than those named in indictment.*

Where an offence is a statutory one, an indictment is sufficient if it describes it in the words used in the statute.

p. 590

An indictment for the violation of liquor laws need not, under section 446 of Article 27 of the Code (1904), specify the particular kind of liquor sold or disposed of.          p. 590

Two or more offences, either felonies or misdemeanors, may be charged in different counts of the same indictment.     p. 591

Where there are several counts in an indictment charging the defendant with one or more distinct and separate felonies or misdemeanors, it is competent for the Court, in its sound

discretion, either to compel the prosecution to elect upon which he will proceed, or in a clear case to quash the indictment.                                                                    p. 591

Under an indictment for the violation of liquor laws, the State is required by Article 57, section 11 of the Code, to prove that the offence was committed within one year prior to the commencement of the prosecution.                                p. 592

But the State is not confined in its proof to the date alleged in the indictment; it is permitted to show the commission of the offence charged at some time within the period of limitations.                                                               p. 592

In an indictment for the violation of the liquor laws of Harford county, section 228 of the Public Local Laws of that county, whether or not the home in which the traverser lived and where the offence was alleged to have been committed was a place of business, within the meaning of the act, is a material question for the jury, and any fact or circumstance reflecting light upon it is properly admissible.        p. 592

In general, where an accused is upon trial for one offence, he is to be convicted, if at all, by evidence which shows that he is guilty of that offence alone, and, under ordinary circumstances, proof of his guilt of one or more other offences is to be wholly excluded.                                          p. 593

It is allowable to prove similar and distinct offences when knowledge or intent of the motive becomes material, and when the proof shows such a connection between the different transactions as to raise a fair inference of a common motive in each.
                                                                        p. 593

At a trial under an indictment for the sale of liquor to a party named at the place of business of the accused, in violation of the provisions of section 228 of the Public Local Laws of Harford county, it was *held,* that evidence of the sale of liquor by the accused at other times at the same place to other parties was admissible as evidence to show that that place was the place of business of the accused for the sale of spirituous liquors.                                                        p. 594

A party accused in an indictment of having sold liquor to one party therein named can not be convicted under that indictment for having sold liquor to any other.          p. 594

*Decided February 29th, 1912.*

Appeal from the Circuit Court for Harford County (HARLAN, J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, BURKE, THOMAS, PATTISON and URNER, JJ.

*Harry A. Whitaker* and *Harry S. Carver,* for the appellant.

*J. Royston Stifler* and *Edgar Allan Poe, the Attorney-General,* for the appellee.

BURKE, J., delivered the opinion of the Court.

Section 228 of the Public Local Laws of Harford County declares that: "It shall not be lawful for any person, or any house, company or association, or body corporate, to sell, directly or indirectly, or to solicit or receive orders for the purchase of, at any place within the limits of Harford county, or to give away, or dispose of under any device whatsoever, at his or their place of business, within the limits of said county, any spirituous or fermented liquors or alcoholic bitters, or intoxicating drinks of any kind, or tonic beer, lager beer, schnapps or gin, or any article used and sold as a beverage, in the composition of which whiskey, brandy, high wines or alcohol, or any spirituous or fermented liquors shall be an ingredient or ingredients nor shall any license be granted for the sale of the same in said county." (Acts 1888, Ch. 292.)

The appellant was indicted, tried and convicted for the violation of this section, and was sentenced to pay a fine of one hundred dollars and costs, and be confined in the Maryland House of Correction for a period of six months.

The indictment contained nine counts, but upon the application of the State's Attorney the ninth count was withdrawn. Each count charges the violation of the law by the traverser of the first day of August, 1911, by selling, giving away or disposing of certain spirituous or fermented liquors to William Rampley.

The first count charged the sale to Rampley of *spirituous liquors;* the second a sale of *fermented* liquors; the third a certain *intoxicating* drink; the fourth a sale of a certain article used and sold as a beverage to the jurors unknown in the composition of which *spirituous* liquor was then and there an ingredient; the fifth that the traverser gave away and disposed of at her *place of business* certain spirituous liquors; the sixth that she gave away and disposed of at her *place of business* fermented liquors; the seventh, that she gave away and disposed of at her *place of business* a certain intoxicating drink; and the eighth, that she gave away and disposed of at her *place of business* an article used and sold as a beverage to the jurors unknown and in the composition of which spirituous liquors was then and there an ingredient. Each act charged in each count of the indictment constituted a violation of the section of the Public Local Laws of Harford County which we have quoted, and each count is sufficiently definite and certain to gratify the requirements of the law relating to pleading upon statutes. The offense is a statutory one, and the indictment described it in the words used in the statute, and this manner in stating the offense has been repeatedly held by this Court to be sufficient. *Mincher* v. *State,* 66 Md. 227; *Cearfoss* v. *State,* 42 Md. 403; *Stevens* v. *State,* 89 Md. 669; *State* v. *Camper,* 91 Md. 672.

Under section 446, Article 27 of Code, 1904, it was not necessary to specify the particular variety of liquor sold or disposed of. The traverser demurred to the whole indictment and to each count thereof. The Court overruled the demurrer.

It would seem to be evident from the face of the indictment that it relates to one transaction, and that "the varia-

tion of the form in which the offence is charged in the different counts is done with a view to meet the evidence." *State* v. *McNally,* 55 Md. 559. The experience of every prosecuting officer has shown the wisdom of this method of stating the offense in prosecutions of this kind. But if it was the intention of the pleader to set out in each count a separate and distinct violation of the liquor laws of Harford county, and if it be admitted that this was in fact done, the indictment would not for that reason be demurrable. It has been definitely settled in this State that two or more offenses, either felonies or misdemeanors, may be charged in different counts of the same indictment. *State* v. *McNally, supra; State* v. *Blakeney,* 96 Md. 711.

In *McNally's case, supra,* it is said: "Where several distinct felonies are charged in the same indictment, the rule in England is as stated by Chitty (1 Cr. L. 449m) 'that the only mode of objecting to such a joinder of offenses is by an application to the Court to quash the indictment before plea, or to compel the prosecutor to elect which charge he will try in a subsequent stage of the proceedings. But the Court will only listen to such a request, when they see that the charges are actually distinct and may confound the prisoner, or distract the attention of the jury.' This rule of the common law exists in Maryland, and in a case where there are several counts in the indictment, charging the defendant with more than one distinct and separate felony it is competent for the Court, in its discretion, either to compel the prosecutor to elect upon which he will proceed, or in a clear case to quash the indictment." The same rule applies to distinct misdemeanors charged in different counts of the indictment. *State* v. *Blakeney, supra.* No motion was made to quash the indictment in this case, nor was there an application made to compel the State to elect. An application of that kind is addressed to the discretion of the Court, and the action of the Court upon it is not the subject of appeal. It will be granted or refused in the exercise of the sound discretion of the Court upon careful consideration of the facts of the particular case.

Under the indictment the State was bound to prove that the traverser had violated the terms of the act under which the indictment was found by selling or disposing of the kind of liquors or drink therein stated to William Rampley within one year prior to the commencement of the prosecution. *Code,* 1904, Art. 57, sec. 11; *State* v. *Kiefer,* 90 Md. 165.

The State was not confined in its proof to the date alleged in the indictment; but it was permitted to show the commission of the offense charged at some time within the period of limitations.

Before a conviction could be had under the fifth, sixth, seventh and eighth counts the State was bound to prove that the place where the liquor was given away or disposed of was the traverser's *place of business.* Whether or not the home at which the appellant lived and where the offense was alleged to have been committed was her place of business, within the meaning of the act, was a material question for the jury, and any fact or circumstance reflecting light upon it was properly admissible.

The State proved that the traverser lived in a house in the Fourth Election District of Harford county, and that this house was owned by John Harry, the father of the traverser, and was occupied by Harry and his wife, and by the traverser and her daughter, Alice.

It was at this house that the offense charged is alleged to have been committed. The indictment was filed November 16th, 1911, and the trial was had on November 23rd, 1911. During the course of the trial the appellant reserved twenty-two bills of exceptions.

The Court, over the objection of the appellant, permitted William Rampley to testify that in May or June preceding the trial he had purchased from the defendant at her home two drinks of whiskey for which he had paid her twenty cents, and also permitted Thomas Hilditch to testify that he had met William Rampley at the home of the appellant in May or June preceding the indictment, and that Rampley had bought from the appellant two drinks of whiskey for

which he paid her twenty cents. These rulings constitute the first, second, fifth and sixth bills of exceptions. We see no possible grounds of exception to the admission of this evidence. It bore directly upon the very charge contained in the indictment and was properly admitted.

The third, fourth, seventh, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, sixteenth, seventeenth, eighteenth, nineteenth, twenty, twenty-one, twenty-second exceptions involve substantially the same question, and may be disposed of together. They relate to the admission in evidence of witnesses that they had bought liquor from the traverser; that they had seen whiskey at her house in quantities; and that men had often been seen going to her house sober and leaving there drunk.

The general rule undoubtedly is, as stated in *People* v. *Sharp,* 107 N. Y., 427, that "when a man is put upon trial for one offense he is to be convicted, if at all, by evidence which shows that he is guilty of that offense alone, and that, under ordinary circumstances, proof of his guilt of one or a score of other offences in his lifetime is wholly excluded." See also *Coleman* v. *People,* 55 N. Y. 81; *People* v. *Shea,* 147 N. Y. 78; *People* v. *Molineaux,* 168 N. Y. 300.

The reasons for the exclusion of evidence of other crimes are thus stated in *Commonwealth* v. *Jackson,* 132 Mass. 16: "Such evidence compels the defendant to meet charges of which the indictment gives him no information, confuses him in his defense, raises a variety of issues, and thus diverts the attention of the jury from the one immediately before it. and by showing the defendant to have been a knave on other occasions, creates a prejudice which may cause injustice to be done." But this rule is subject to an exception as firmly established as the rule itself, and under which it is allowable to prove similar and distinct offences when knowledge or intent, or motive becomes material, and "when the proof shows such a connection between the different transactions as raises a fair inference of a common motive in each."

*Jones on Evidence,* sec. 145; *Lamb* v. *State,* 66 Md. 285; *Wharton on Cr. Ev.,* sec. 31, etc.

It would seem to be reasonably clear that under the indictment in this case the Court did not violate the general rule which forbids the admission in evidence against the accused of other and different offences by admitting the evidence embraced in these exceptions; first, because it was relevant upon the fifth, sixth, seventh and eighth counts of the indictment, which charge that the place where the liquor was obtained was the traverser's "place of business," and secondly, as showing that she kept liquor for sale at the place where the prosecuting witness testified he had bought it.

In *Guy* v. *State,* 96 Md. 692, this Court approved an instruction to the jury given by JUDGE WATERS in which he stated that the fact that the traverser, who was indicted under this identical law, held a government license for the sale of spirituous or fermented liquors in Bel Air, was *prima facie* evidence that he was engaged in the business of selling spirituous liquors in Bel Air, and certainly the evidence excepted to tends to show that this appellant had converted her home into a "place of business" for the sale of spirituous liquors.

And in *Guy* v. *State,* 90 Md. 29, it was held that the fact that the traverser had procured such license was admissible in evidence for the purpose of showing what his business was, or that he kept liquor for sale, or generally the question of intent.

The appellant, of course, could not have been convicted upon this indictment for selling or disposing of liquor to anyone other than William Rampley, and the evidence we are now considering was admissible only for the purpose indicated, and doubtless the Court below would have so informed the jury had it been applied to. Finding no error in the action of the Court in overruling the demurrer or in any of the rulings excepted to, the judgment will be affirmed.

*Judgment affirmed, with costs.*