## JOSEPH HAMILTON

### *vs.*

### STATE OF MARYLAND.

*Criminal law: motions to quash; appeals; provisions of section 9
of Article 5 applicable. Bastardy proceedings: prelimi-
nary examination by Justice of the Peace; section 3,
Chapter 163 of Acts of 1912; constitutional.*

By section 80 of Article 5 of the Code, the proceedings on
appeal, in criminal cases, are the same as on appeals from civil
suits.　　　　　　　　　　　　　　　　　　·p. 313

Section 9 of Article 5 is applicable to criminal, as well as
civil, cases.　　　　　　　　　　　　　p. 313

The ruling of a court on a motion to quash can not be re-
viewed on appeal, unless the facts upon which the motion was
based are set out in the record by agreed statement or special
finding of the court.　　　　　　　　　　p. 314·

In bastardy prosecutions, the proceedings before the Justice
of the Peace, under Section 3 of Chapter 163 of the Act of 1912,
are simply a preliminary examination for the purpose of hold-
ing the accused for court, if the evidence justifies it; and such
section is not unconstitutional.　　　　　　p. 314

*Decided January 11th, 1916.*

Appeal from the Circuit Court for Baltimore County.
(DUNCAN, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE,
BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CON·
STABLE, JJ.

*Wm. H. Lawrence,* for the appellant.

*Edgar Allan Poe, the Attorney General,* submitted the
cause on brief for the appellee.

CONSTABLE, J., delivered the opinion of the Court.

The appellant was indicted for violation of the provisions of Chapter 163 of the Acts of 1912, entitled Bastardy and Fornication, and now codified in Volumn 3, Bagby's Code, as Article 12.

He was found guilty and sentenced, in conformity with the Act, to give bond for the maintenance of the child. From that judgment he has prosecuted this appeal.

There are only two points attempted to be raised for the consideration of this Court. The point principally relied upon for a reversal of the judgment is that there was error committed in overruling a motion to quash the indictment. Although the brief of the appellant contains the reasons in support of the motion, nothing appears in the record but the bare mention in the docket entries that a motion to quash was made. We have found nowhere in the whole record, nor is there to be found, any statement of facts because of which the Court was asked to quash the indictment.

There are a great many things for which a Court may be asked to quash an indictment, but from this record we are unable to discover what points or questions were raised or what determined by the Court. Since the enactment of section 80 of Article 5 of the Code by the Acts of 1892, Ch. 506, this Court has held that on appeal the proceedings in criminal cases are to be the same as in civil cases; *Mitchell* v. *State*, 82 Md. 527. By section 9 of Article 5 of the Code this Court in civil cases has long been prevented from deciding on appeal any point or question which does not certainly appear by the record to have been tried and decided by the Court below; and this Court has held in *Mitchell* v. *State*, 82 Md. 527, that this section is applicable to criminal as well as civil cases. The precise point we are now considering has been decided by the Court in *State* v. *Williams*, 85 Md. 231, which was an appeal by the State from a judgment upon the sustaining of a motion to quash an indictment and in which the Court said: "As we have said, there are no facts

set forth in the motion, or what purports to be the motion, it being a statement of a conclusion of law of the most general character. The motion should have clearly and fully stated the facts upon which the defendant relied: *Wharton's Crim. Pl. & Pr.,* Sec. 397, and those facts should have been spread upon the record by an agreed statement or by a special finding of the Court. Questions of law arise out of and depend upon facts, and in the absence of the facts upon which the judgment of the Court below was founded, we cannot entertain an appeal questioning its correctness." In the absence of these facts, therefore, we cannot review the rulings of the Court on the motion to quash.

The only other point was raised by a demurrer to the indictment, although it was practically abandoned at the argument before this Court. It is urged that the Act is null and void because it violates the Fourteenth Amendment of the Federal Constitution. The argument is that it deprives a person of his liberty without due process of law, in that, by section 3 the justice of the peace is required, irrespective of what his belief as to the truth of the charge may be, to commit to the custody of the sheriff any person so accused, in default of such person giving security for his appearance at Court. Just ten days before the judgment was entered in this case, this Court filed an opinion in a case involving the construction of the Act of 1912, in which Chief Judge Boyd, speaking for the Court, gave a very exhaustive and thorough consideration of its provisions: *O'Brien* v. *State,* 126 Md. 270. In that case in considering section 3 of the Act it is said: "The proceeding before the justice is simply a preliminary examination for the purpose of holding the accused for Court, if the evidence justifies it." Assuming the point well taken as to the constitutionality of the Act if the fact were as contended for by the appellant, yet by this recent interpretation of section 3 we hold that the Act is free from the constitutional inhibition urged against it.

*Judgment affirmed, with costs to the appellee.*