# DAVID LANSMAN

*vs.*

# STATE OF MARYLAND.

*Plea to Indictment—Exception in Statute—Sales on Sunday.*

To an indictment for selling bread on Sunday, which nega-tived an exception in the statute of sales by retailers, a plea was insufficient which merely stated that the defendant was a retailer as well as a wholesaler. pp. 400, 401

Under an indictment for selling bread on Sunday, which negatived an exception in the statute of sales by retailers, it was proper to ask the traverser; on cross-examination, at what price he sold loaves of bread, this reflecting upon the issue whether the sale charged in the indictment was made at retail or wholesale. pp. 401, 402

*Decided January 12th, 1923.*

Appeal from the Criminal Court of Baltimore City (AMBLER, J.).

Criminal proceeding against David Lansman. From a judgment of conviction, said Lansman appeals. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, URNER, ADKINS, and OFFUTT, JJ.

*Howard Bryant,* for the appellant.

*Alexander Armstrong, Attorney General,* with whom were *Lindsay C. Spencer, Assistant Attorney General,* and *Robert F. Leach, Jr., State's Attorney for Baltimore City,* on the brief, for the State.

BRISCOE, J., delivered the opinion of the Court.

The traverser, in this case, was indicted and tried in the Criminal Court of Baltimore City, for a violation of section 437 of article 27 of the Code, as amended by Chapter 700 of the Acts of 1920, title "Crimes and Punishments," sub-title "Sabbath-breaking."

The indictment contained four counts, but as there was no evidence to support the first and second counts, they become unimportant for the purposes of this case, and will not be considered by us.

The third count of the indictment is as follows:

"And the jurors aforesaid, upon their oath aforesaid, do further present that the said David Lansman on the said twenty-second day of May, in the year of our Lord nineteen hundred and twenty-one, the same day in the year aforesaid being the Sabbath Day, commonly called Sunday, at the City of Baltimore aforesaid, unlawfully did sell certain goods, wares and merchandise, to wit: ten loaves of bread, to one David Bernstein, he, the said David Lansman, not being then and there a retailer selling and delivering the said bread on the said day, as aforesaid, contrary to the form of the act of assembly in such case made and provided, and against the peace, government and dignity of the State."

The fourth count is the same as the third except the words "dispose of" are used instead of and as a substitute for the word "sell."

These counts, it will be seen, are based upon section 437, chapter 700, of the Acts of 1920, which reads in part as follows: "No person in this State shall sell, dispose of, barter, or deal in, or give away any articles of merchandise on Sunday, except retailers, who may sell and deliver on said day tobacco, cigars, cigarettes, candy, sodas and soft drinks, ice, ice cream, ices and other confectionery, milk, bread, fruits, gasoline, oils and greases."

The traverser filed a special plea to the third and fourth counts of the indictment, to the following effect: that he is a manufacturer of bread in the City of Baltimore and was such on the 22nd day of May, 1921; and that on the day aforesaid, he was also a retailer, and still is, and retailed his bread as well as wholesaling the same and under the act of the General Assembly of Maryland of 1920, chapter 700, he being a retailer and conducting his manufacturing retail business and of selling bread at retail at 259 N. Exeter Street, in said City of Baltimore, had the right to sell and deliver on Sunday, his bread so manufactured and this fact, the defendant makes known to the court, in this his special plea, and which fact, the defendant says relieves him from all liability under the terms of the indictment, in this case filed against him, by reason of the act heretofore referred to, to wit, the Act of 1920, chapter 700, which among other things provides, "No person in this State shall sell, dispose of, barter or deal in, or give away any articles merchandise on Sunday, except retailers, who may sell and deliver on said day, tobacco, cigars * * * bread, etc." Wherefore your defendant prays judgment for him by reason of this his special plea, etc.

The State demurred to the special plea, and its demurrer was sustained. The traverser thereupon, upon trial before a jury, pleaded not guilty. He was convicted and sentenced to pay a fine of twenty dollars and costs. From this judgment he has appealed.

The objection that the special plea was not a proper answer and defense to the indictment and was a defective plea, we think, was properly sustained by the trial court.

The facts set forth in the plea do not answer the charge in the indictment nor in the third and fourth counts thereof.

The plea in substance alleges, that the traverser on the day named in the indictment, was "a manufacturer of bread and was also a retailer and still is, and retailed his bread, as well as wholesaling the same."

The exception set out in the statute, it is clear, applies to and exempts only retailers and not wholesale dealers. Retailers may, in the language of the statute, sell, and deliver on Sunday, milk, bread and the other articles of merchandise specially named in the statute.

The third and fourth counts of the indictment, and the ones to which the special plea was filed, charged that the traverser, "unlawfully did sell certain goods, and merchandise, to wit: ten loaves of bread," to one David Bernstein and that he the traverser, naming him, not being then and there a retailer selling and delivering the said bread, on the day named.

It appears, therefore, that the distinct charge, set out in the third and fourth counts of the indictment, was that the traverser was not on the day of the alleged sale of the bread, here in question, a retailer selling and delivering bread, as permitted by section 437, chapter 700, of the Acts of 1920, and it is plain that the plea in the form in which it was tendered was a bad and defective plea, and was no sufficient answer to the allegations of the indictment.

In *Keller* v. *State,* 122 Md. 677, 689, a somewhat similar state of pleadings was presented and the Court held the special pleas did not answer the indictment and were defective. See *Lake* v. *Thomas,* 84 Md. 608; *Moses* v. *Allen,* 91 Md. 50; *Willing* v. *Bozman,* 52 Md. 44; *Gott* v. *State,* 44 Md. 336.

In *State* v. *Fox,* 89 Md. 388, this Court held that pleas of this kind were not only bad and defective, for the reason we have stated, but were open to the further objection that they amounted to the general issue, and were bad for that reason.

The traverser, therefore, was in no aspect of this case injured by the court's action upon the demurrer.

There is no merit in the exception, set out in the record, and taken to the action of the court, in overruling an objection to the question, asked the traverser on cross-examination, "Now, for how much do you sell the pound loaves?" The answer was that for a pound loaf he got eight cents. This ruling of the court forms the first and only exception.

The traverser was a witness in his own behalf and was subject to cross-examination as other witnesses and to give evidence against himself as to all matters within the scope of proper cross-examination, pertaining to the issue.

The price, at which the traverser sold pound loaves, reflected upon the issue, as to whether the sale of the bread, charged in the indictment, was made at retail or wholesale. The question objected to was proper on cross-examination, and the evidence sought to be elicited was pertinent and admissible, and there was no reversible error in requiring the witness to answer the question. *Roddy* v. *Finnegan,* 43 Md. 502; *Guy* v. *State,* 90 Md. 32; *Encyc. of Pleading and Practice,* 147.

Finding no error in the rulings of the court, and as the case was properly submitted to the jury, the judgment must be affirmed.

*Judgment affirmed, with costs.*