## DAVID O. WENTZ *v.* STATE OF MARYLAND.
[No. 5, April Term, 1930.]

*Decided May 15th, 1930.*

162

The cause was argued before BOND, C. J., URNER, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Edward O. Weant* and *John Wood, Jr.,* for the appellant.

*William L. Marbury, Jr., Assistant Attorney General,* with whom were *Thomas H. Robinson, Attorney General,* and *Theodore F. Brown, State's Attorney for Carroll County,* on the brief, for the State.

SLOAN, J., delivered the opinion of the Court.

The appellant, David O. Wentz, was indicted on a charge that he "feloniously, knowingly and incestuously did have carnal knowledge of the body of Florence Wentz, who was then and there the daughter of the said David O. Wentz, contrary to the form of the statute," etc. The traverser demurred to the indictment and was overruled. The trial of the case proceeded before the court sitting as a jury, the verdict was guilty, and from the sentence thereon this appeal is taken. In addition to rulings on the demurrer, there were fifteen exceptions to rulings on the evidence presented to this court.

The appellant contends that the indictment is defective because it does not sufficiently describe the offense. The section of the Code under which the indictment was found is section 314 of article 27, which reads as follows:

"Every person who shall knowingly have carnal knowledge of another person, being within the degrees of consanguinity within which marriages are prohibited by law in this State, shall be deemed guilty of felony, and upon conviction thereof shall be punished by imprisonment in the penitentiary for a term not less than one nor more than ten years, in the discretion of the court."

The appellant sums up his contention by saying "that the indictment was fatally defective in failing to allege that the appellant did the act with which he is charged, then and there well knowing that Florence Wentz was his daughter." What the appellant says the indictment failed to say is what in effect it did say. The word "knowingly" is the word in the statute and it is a cardinal principle that an offense literally or substantially charged in the language of the statute shall be sufficient. *Kearney v. State,* 48 Md. 16, 24; *Stevens v. State,* 89 Md. 669; *Benesch v. State,* 129 Md. 505; *Hicken v. State,* 146 Md. 251; *Weller v. State,* 150 Md. 278; *Dunbar v. United States,* 156 U. S. 185, 39 L. Ed. 390. "The word 'knowingly' or 'well knowing' will supply the place of a positive averment that the defendant knew the facts subsequently stated." *Rawle's Ed., Bouvier's Law Dictionary.* If the prosecutrix was not the appellant's daughter, or if he did not know that she was, these would be matters of defense. The indictment as drawn put the appellant on full notice of the charge he was to meet, and in our opinion was a sufficient compliance with the requirements of the statute.

Of the fifteen exceptions to rulings on the evidence, the major part of the appellant's brief is devoted to the eighth, ninth, tenth and eleventh. They were on questions to Della Thomas, another daughter of the appellant, asking whether the father had had intercourse with her, to which she answered that he had. The appellant contends that it was not admissible, as raising another issue not included in the indictment; and the State as evidence showing the traverser's sexual disposition, passions and emotions, and thus rendering the charge as laid in the indictment more probable. "It is well settled that evidence which is relevant is not made inadmissible by reason of the fact that it tends to prove the defendant guilty of a crime other than the one for which he is being tried. Such evidence is not admitted because of its proof of the other crime, but because of its relevancy to the charge upon trial." *Cothron v. State,* 138 Md. 101, 109. Evidence of other crimes of the same character has been allowed as tending to show the guilty knowledge of the offense for which the de-

fendant was indicted (*Luery v. State,* 116 Md. 284, 288), or of other offenses so connected that they form parts of one entire scheme or transaction from which may be gathered the purpose or intent with which the act was done for which the accused was then being tried. *Meno v. State,* 117 Md. 435, 440. In the case of *Cothron v. State,* 138 Md. 101, 110, citing *State v. Hyde,* 234 Mo. 200, Ann. Cases 1912D, 191, it was said that evidence of other crimes had been admitted "to prove the specific crime charged when it tends to establish (1) motive, (2) intent, (3) absence of mistake or accident, (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other, (5) the identity of the person charged with the commission of a crime on trial."

The general rule undoubtedly is, as stated in *People v. Sharp,* 107 N. Y. 427, that "when a man is put upon trial for one offense he is to be convicted, if at all, by evidence which shows that he is guilty of that offense alone, and that, under ordinary circumstances, proof of his guilt of one or a score of other offenses in his lifetime is wholly excluded." *Curry v. State,* 117 Md. 587, 593.

In cases involving sexual offenses, and especially those grouped together by Mr. Wigmore in the second edition of his *Evidence,* sec. 398, viz. adultery, bigamy, fornication, criminal conversation, sodomy, indecent liberties, and incest, there seems to be, under the decisions in this country, a very well recognized exception to the general rule that evidence of other offenses than the one charged is admissible. In *Wharton on Criminal Evidence* (10th Ed.), p. 170, it is said: "It has been repeatedly held that upon a trial of a charge of having committed any of the crimes known as 'sexual offenses,' evidence of prior acts of the same character are admissible, although such prior act is in and of itself a crime." The same authority, however, says (page 186), "Offenses against other persons than the one against whom the offense with which the defendant is charged was committed are inadmissible."

This is the first time the question has been before this court, but the number of decisions digested in *Wigmore on*

*Evidence* (2nd Ed.), pp. 731 *et seq.,* and in the note to 62 *L. R. A.* 329, shows that it is not new in other states. An examination of the cases there mentioned shows the great weight of authority is to allow evidence of acts of adultery and incest between the same parties prior to the offense charged; in some cases confined to the period of limitations. The decisions as to the admissibility of subsequent acts are so evenly divided that it is difficult to say what the trend of opinion in this respect is. As to illicit relations with others than the prosecutrix, the only case cited by either side (except in indictments for rape or carnal knowledge of a girl under the age of consent), is *People v. Leloile,* 31 Cal. App. 166, 169, in which it was held that a sister of the prosecutrix in a charge of incest could not testify to a like offense committed on her by her father. In the case of *People v. Luce,* 210 Mich. 621, on an indictment for having taken indecent liberties with a female child, where defendant testified on cross-examination that he had not done so with prosecutrix or any child, another child was not permitted to testify to the commission of the same offense against her, notwithstanding the evidence might have been intended to affect defendant's credibility. It was held error in *State v. Ruttberg,* 87 N. J. L. 5, under an indictment for fornication, to allow the defendant to be cross-examined as to a similar offense with a woman other than the prosecutrix.

The theory on which evidence of other offenses is excluded is that the jury may be misled into a conviction for an offense for which the defendant is not indicted, or that he may be prejudiced by the accumulation of offenses which he is not prepared to defend. The State answers this by saying this was a trial before the court sitting as a jury, and that the court would be more likely to discriminate than a jury, and would not give undue weight to evidence of other offenses. *Cothron v. State,* 138 Md. 101, 115. In *McAllister v. State,* 140 Md. 647, 652, commenting on the question of evidence of other offenses and of a statement by this court in the *Cothron Case* (138 Md. 115), in which it was decisive, this court said: "In the present case we are unable to say, after

a careful examination of the whole record, that the trial court probably was not unconsciously influenced by the objectionable questions and the answers to some of them."

In the instant case the only evidence of the crime was the testimony of the girl, who had given birth to a stillborn child, which she said she had been forced by her father to "put on another man," and the only evidence, aside from the evidence of the prosecutrix, of the defendant's inclination to commit such an offense, was from a married daughter. The testimony of the other daughter, not as proof of an independent offense but as evidence of the kind of man the father was, and that he was capable of committing such a crime, might have had sufficient weight to tip the scales against him. That it could have had this effect, in view of the opinion of this court that it was not admissible, makes it reversible error.

The fourteenth, fifteenth, and sixteenth exceptions were to the refusal of the court to allow witnesses to say whether they knew the reputation of the defendant as a peaceable and law-abiding citizen in the neighborhood where he resided. The questions were properly disallowed, as the trait manifesting itself in the crime of incest or other sexual offense is not evidenced by his being "peaceable and law-abiding." The ordinary method of proving character is by inquiring of the witness whether he is acquainted with the reputation of the accused for honesty, morality, humanity, or other trait indicated by the nature of the charge, in the community in which he lives, and if he answers "yes," what that reputation is. *Hochheimer's Cr. Law,* sec. 175; *Wigmore on Evidence* (2nd Ed.), sec. 59, p. 277; 16 *C. J.* 582.

In none of the other exceptions do we find any reversible error, and the appellant's brief attaches to them little importance.

For the sole reason that this court holds the evidence of the commission of the offense with the prosecutrix's sister inadmissible, the judgment appealed from will be reversed.

*Judgment reversed, and new trial awarded.*

BOND, C. J., filed the following dissenting opinion:

As the charge is one of abnormality, and a jury would find it peculiarly difficult to accept testimony of the crime without having it shown them that the accused possessed that abnormal constitution, I think evidence of the other daughter, of debauching her, too, has a special value and importance that require its admission. It seems to me that its exclusion carries the rule regarding evidence of other crimes to an extent and a consequence not reasonable. Any great difference between the times of commission of acts upon the one daughter and the other might require exclusion, but the decision is not concerned with the element of time.