NICHOLAS KIRSCHGESSNER *v.* STATE OF MARYLAND

[No. 33, January Term, 1938.]

196

*Decided April 6th, 1938.*

The cause was argued before BOND, C. J., URNER,

OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Edwin H. W. Harlan,* for the appellant.

*Hilary W. Gans, Deputy Attorney General,* and *D. Paul McNabb, State's Attorney for Harford County,* with whom was *Herbert R. O'Conor, Attorney General,* on the brief, for the State.

SLOAN, J., delivered the opinion of the Court.

This appeal is from a judgment sentencing the defendant (appellant) to a fine of $1,000 and confinement in the Harford County Jail for one year for the violation of the local liquor law for Harford County.

The defendant, Nicholas Kirschgessner, had been indicted for having sold "at retail to a certain Walter Wiley a certain brewed alcoholic beverage * * * not having then and there a license that permitted said retail sale." He was found guilty by a jury and sentenced as above noted. The indictment was returned under the local liquor law of Harford County, Acts 1937, ch. 272. A complete history of the liquor legislation for Harford County will be found in the case of *Hill v. State,* 174 Md. 137, 197 A. 795.

The defendant demurred to the indictment, a ground of his demurrer being that the statute is unconstitutional because it provides "cruel and unusual punishment" in violation of the 16th and 25th articles of the Declaration of Rights of Maryland. Article 16 says: "No Law to inflict cruel and unusual pains and penalties ought to be made in any case, or at any time, hereafter"; and article 25 says: "excessive bail ought not to be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted by the Courts of Law." The defendant in this case was given the maximum penalty provided by the act under which he was indicted, and the ground of the demurrer was that this was so cruel and unusual as to violate the two articles of the Declaration of Rights. No standard was fixed by the two sections invoked as to what is cruel and unusual, so that Legislatures and courts

can only regard these provisions as advisory. What may be cruel and unusual in one case may be mild punishment in another. It is the province of the Legislature to fix the penalty for the commission of crimes and offenses, and thus limit the power of the courts to impose penalties, and, prior to the year 1906, courts were restrained by the limits, high and low, imposed by statute. By the Acts of 1906, ch. 536 (Code, art. 27, sec. 578): "In all cases where the law prescribing a punishment for crime fixes a maximum and a minimum penalty therefor, the judge of the Criminal Court of Baltimore and the several judges of the Circuit Courts of the counties may, in lieu of the minimum penalty so prescribed, impose a less penalty of the same character; provided, however, that nothing herein contained shall be construed as affecting any maximum penalty fixed by law, or the punishment for any crime where the law provides one and only one penalty."

In support of this contention that the indictment is demurrable, the defendant cites *Foote v. State*, 59 Md. 264, and *Mitchell v. State*, 82 Md. 527, 532, 34 A. 246, 247. In *Foote v. State*, it was held that the statute providing whipping for wife beating did not violate the 16th and 25th articles of the Declaration of Rights. The same contention was made in *Mitchell v. State, supra*, where the traverser was sentenced to fifteen years in the penitentiary for an assault with intent to commit a rape, and this court there said, "Our law inflicts pain, not in a spirit of vengeance, but to promote the essential purposes of public justice. Severity is not cruelty. The punishment ought to bear a due proportion to the offense. Crimes of great atrocity ought to be visited with such penalties as would check, if not prevent, their commission. It is impossible, in the abstract, to mark the boundaries which separate cruelty from just severity. If the circumstances accompanying a crime are of unusual aggravation, the punishment ought to be unusually severe. But the courts must adopt the methods of punishment prescribed by law."

In the instant case the trial court did not exceed the penalty fixed by the Legislature, so that we cannot say the bounds of judicial discretion have been exceeded. No other argument having been advanced, the demurrer was properly overruled.

Another point made by the defendant was that "the indictment should have stated that the State's witness did not have a license entitling him to buy from the wholesaler, since if he had such license no offense had been committed." It was sufficient that the defendant be indicted in substantially the words of the statute, which was done. *Curry v. State,* 117 Md. 587, 590, 83 A. 1030; *Bosco v. State,* 157 Md. 407, 146 A. 238; *Wentz v. State,* 159 Md. 161, 150 A. 278; *State v. Lassatovich,* 162 Md. 147, 159 A. 362. The defendant testified in his own behalf, and admitted that, armed with a federal license, he was distributing beer from three breweries without having obtained a state license. *Guy v. State,* 90 Md. 29, 44 A. 997; *Guy v. State,* 96 Md. 692, 54 A. 879; *Curry v. State,* 117 Md. 587, 83 A. 1030. This is a separate offense for which the defendant might have been indicted. Code Pub. Loc. Laws, art. 13, sec. 421K, Acts 1937, ch. 272, p. 514.

In the course of the trial fifteen exceptions were taken to the admissibility of evidence, of which the first was abandoned. The second was to a question asked a witness, Walter M. Wiley, as to when he had bought beer at the defendant's place. The witness had testified before the grand jury three weeks before, and his testimony taken by a stenographer. At the trial he began by saying he was at the defendant's place on or about October 15th, when the Hopfheiser (Brewery) man was there and gave him two bottles of beer. Asked, "Have you ever bought any beer from Nicholas Kirschgessner," he answered, "Not that I remember—lately." Q. "When did you buy any from him? A. I don't remember when it was. Q. When did you buy any beer from him? A. It has been a long time ago." He could recall having been before the grand jury three weeks before, and of testi-

fying there, but could not remember that he had testified to having bought beer in the Kirschgessner place. He was then warned by the court to tell the truth, and threatened by the state's attorney with a warrant for perjury if he did not, to neither of which was there an objection. Evading every question regarding the purchase of beer, he was asked, "When did you buy any beer from Nicholas Kirschgessner?" he answered, "I could not say when it was—it was a good while ago." He was then asked, "When did you buy any beer in his place?" to which there was an objection, overruled and exception. *Curry v. State*, 117 Md. 587, 592, 83 A. 1030. The answer wàs the same as the last. The state's attorney then asked leave of the court, which was granted, to proceed to examine the witness as hostile, and asked if he recalled "buying any beer from Nick Kirschgessner within the last year?" he said, "No, sir— not from him." The third exception was on an adverse ruling on the question, "Did you buy any at his place?" *Supra.*

The defendant's contention is that the second and third questions were objectionable as leading, because they assumed that the place was Kirschgessner's. He testified several times that the defendant's business place was near his garage, and that he went there frequently to buy "cigarettes or something like that." So, regardless of the form of the questions, they did no harm. *Rent-A-Car Co. v. Globe & Rutgers Fire Ins. Co.*, 161 Md. 249, 264, 156 A. 847.

The fourth and fifth exceptions were on questions as to what Wiley had testified to before the grand jury. His attitude from the moment he took the witness stand was hostile to the State. He had testified against the defendant before the grand jury, and at the trial sought to protect him by losing his memory. This gave the state's attorney the right to attempt by leading questions to extract from him the truth. 1 *Greenleaf on Evidence* (16th Ed.) secs. 442-444; *Gorter on Evidence* 209; 5 *Jones' Commentaries on Evidence* (2nd Ed.) 4553; *Ber-*

*rian v. State,* 85 Tex. Crim. Rep. 367, 212 S. W. 509; *Smith v. Briscoe,* 65 Md. 561, 5 A. 334.

After several fruitless attempts to get any responsive answers from Wiley, the state's attorney asked for, and the court ordered, a bench warrant to issue for him on a charge of perjury. A recess was taken for forty-five minutes, and Wiley, then in the custody of the Sheriff, was brought into court, and resumed the stand, to which the defendant objected, "to his testifying now." The objection was overruled, and the sixth exception taken, of which the seventh exception was a repitition. The eighth was on an objection to the withdrawal and dismissal of the bench warrant. This was all done in the presence of the jury, and did not help, nor was it calculated to help, the defendant. The defendant could not object to the examination of the witness by the state's attorney, nor to the dismissal of the bench warrant. What he could have done was to have moved for a mistrial, and, if the court had refused so to do and to withdraw a juror, the question of prejudice would have been presented.

What was said with respect to the second and third exceptions applies also to the ninth, ninth and a half, tenth, thirteenth, and fourteenth exceptions. The eleventh raises the same question as the fourth and fifth exceptions. The twelfth was on a motion to strike out all of the testimony of the witness Wiley, and was properly overruled. This exception was virtually a demurrer to the evidence, which cannot be entertained in a state where, under the Constitution, art. 15, sec. 5, the jury are the judges of the law and fact, the province of the court being to merely pass on the admissibility of evidence. *Beard v. State,* 71 Md. 275, 17 A. 1044; *State v. Coblentz,* 169 Md. 159, 167, 180 A. 266, 185 A. 350; *American Stores Co. v. Herman,* 166 Md. 312, 315, 171 A. 54; *Carter's Digest* 675; *Simmons v. State,* 165 Md. 155, 165-176, 167 A. 60. Another rule which may be ground of refusal of the motion to strike out evidence is that, when such a motion is made, if some other evi-

dence covered by the motion is admissible, it is error to strike out the whole. *Pontier v. State*, 107 Md. 384, 389, 68 A. 1059; *Damm v. State*, 128 Md. 665, 671, 97 A. 645; *Burgess v. State*, 161 Md. 162, 170, 155 A. 153. The trouble in this case all seems to have arisen from the efforts of the chief prosecuting witness to protect the defendant, after he had testified against him before the grand jury, so that there was more than the admissibility of evidence before the court for its action, and in dealing with this situation we do not find the court committed any reversible error. As we have said, if, after the bench warrant had been issued, and the witness taken into custody, a motion for a mistrial had been made, the question of prejudice to the defendant's constitutional right to a fair and impartial trial might have arisen and been presented for decision. *Nelson v. Seiler*, 154 Md. 63, 64, 73, 139 A. 564. The question, not having arisen at the trial, cannot be entertained on appeal. Code, art. 5 sec. 10. As it is, all we have before us are the rulings on demurrer and on objections to the evidence, with which we do not disagree.

*Judgment affirmed, with costs.*