# HARVEY RUBLE *v.* STATE OF MARYLAND
### [No. 14, January Term, 1940.]

*Decided March 15th, 1940.*

The cause was argued before BOND, C. J., OFFUTT, SLOAN, MITCHELL, JOHNSON, and DELAPLAINE, JJ.

*Godfrey Child,* with whom was *John L. Sanford, Jr.,* on the brief, for the appellant.

*Robert E. Clapp, Jr., Assistant Attorney General,* with whom were *William C. Walsh, Attorney General,* and *William G. Kerbin, Jr., State's Attorney for Worcester County,* on the brief, for the State.

SLOAN, J., delivered the opinion of the Court.

The defendant Harvey Ruble, was found guilty on an indictment charging him with the violation of section 485 of article 27 of the Code, and sentenced to pay a fine of one hundred dollars, from which judgment he appeals.

The indictment which was found October 10th, 1939, charges that Harvey Ruble "on or about the 13th day of August," 1939, "at the County and State aforesaid, unlawfully did keep open a dancing saloon for the purpose of doing business therein, to wit: Dancing within this State, on the Sabbath, commonly called Sunday."

The defendant first filed a motion to quash the indictment, assigning as reason therefor that the presentment returned was not and could not have been found prior to October 9th, 1939, the day of the opening of the October Term, 1939, of the Circuit Court for Worcester County, "which was the beginning point of the prosecution in this case," and that the indictment shows on its face that the action or prosecution herein was not made within one month after the time the alleged offense is charged to have been committed.

In support of this motion the defendant relies on section 12, article 57 of the Code, which says: "All actions or prosecutions for blasphemy and Sabbath breaking, or drunkeness shall be made one month after the fact." If the facts stated in the motion are true as to the time of the commencement of the prosecution, the right of the State to proceed on the indictment would be barred. It is an unsettled question as to how the defendant can avail himself of the statutes of limitations. 99 *A. L. R.,* 153. Usually it is done by a plea of limitations (*Archer v. State,* 145 Md. 128, 125 A. 744, where it was done in three ways), or it may be proved on the general issue, the State being bound to prove that the offense charged was committed within the period of limitations. *Curry v. State,* 117 Md. 587, 592, 83 A. 1030; *Hochheimer, Criminal Law,* section 63. An objection to submitting the question in this state on the general issue plea is that the jury are the judges of the law and the fact, and from an adverse decision there would be no appeal. In *Allen v. State,* 128 Md. 265, 97 A. 362, the question of limitations was raised by a motion to quash, and its propriety was not disputed or discussed. *State v. Kiefer,* 90 Md. 165, 44 A. 1043. On a motion to quash, the

validity of an indictment, or the right of the State to prosecute, frequently depends on facts outside the record, and evidence can be taken to support or contest the motion. If limitations have run before presentment and indictment, it raises a question of law that ought to be decided before a case go to trial on the merits, and a motion to quash affords a practical method of procedure to ascertain the fact and apply the law. It may be that this prosecution was begun by a warrant issued by a magistrate within the period of "one month after the fact." *State, ex rel. Melson v. Peeler,* 107 Fla. 615, 146 So. 188; 15 *Am. Jur.* 34. If that be so, the question of limitations would be removed as a defense, though the State would still have to show the offense was committed within one month before the commencement of the proceedings, as one of its essential elements. *Curry v. State, supra.*

In this case, however, we are bound to accept the ruling, as there is nothing in the record to show the basis of facts on which the trial court overruled the motion. *State v. Williams,* 85 Md. 231, 36 A. 823; *Hamilton v. State,* 127 Md. 312, 96 A. 523.

This was followed by a demurrer to the indictment, which was overruled, and will be discussed later. The ruling on the demurrer was followed by a plea of limitations, which was neither traversed nor demurred to, and no action taken thereon, and was followed by a plea of "not guilty," so that there is nothing to discuss with respect to it.

The ruling on the demurrer in our opinion was incorrect. The statute, the violation of which is charged, is section 485, article 27 of the Code, the pertinent part of which reads: "It shall not be lawful to keep open or use any dancing saloon, opera house, ten pin alley, barber saloon or ball alley within this State on the Sabbath day, commonly called Sunday," the violation thereof on indictment and conviction to be fined. The charge is that Harvey Ruble "on or about the 13th of August," 1939,

"unlawfully" did keep open "a dancing saloon." It merely happened that August 13th was Sunday, but the 12th and 14th, which were "about" that time, were not, and to have had the dancing saloon open then would not have been an offense. The designation of the time as "on or about August 13th" is not objectionable. In *Brunner v. State*, 154 Md. 655, 659, 141 A. 346, 348, this Court, quoting from 14 *R. C. L.* 179, 180, said: "While the indictment must state the time, the proof need not be confined to that time, and it is only necessary to show that the offense was committed prior to the finding of the indictment, and within the period of limitations." *Hill v. State*, 143 Md. 358, 122 A. 251. There is no direct charge that the defendant kept the place open on Sunday. If the indictment had read "on the 13th day of August in the year 1939, the same being the Sabbath day, commonly called Sunday," etc., there could not have been any misunderstanding that the charge was within the statute. Even if the day of the month had been incorrectly stated, and some day other than Sunday named, the indictment would not have been defective, if the offense had been laid on Sunday. *Hoover v. State*, 56 Md. 584, quoting with approval 1 *Bishop, Crim. Prac.*, sec. 399.

The phrase in the concluding part of the indictment "the Sabbath day, commonly called Sunday," is so disconnected with the charge laid "on or about the 13th day of August," as to amount to a failure to charge the offense as having been committed on Sunday.

*Judgment reversed, and case remanded.*